NOTE: This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**HENRY W. MAYFIELD,**
*Petitioner,*

**v.**

**UNITED STATES POSTAL SERVICE,**
*Respondent.*

---

2013-3154

---

Petition for review of the Merit Systems Protection Board in No. DA0752120095-I-2.

---

## ON MOTION

---

Before PROST, O'MALLEY and TARANTO, *Circuit Judges.*

PER CURIAM.

## O R D E R

Henry W. Mayfield seeks review of a decision of the Merit Systems Protection Board ("Board") sustaining the United States Postal Service's decision to remove Mayfield for unacceptable performance. Because of the limits of our jurisdiction to review mixed cases, i.e., challenges to an adverse action that was allegedly based, at least in

part, upon prohibited discrimination, we grant the agency's motion to the extent that we transfer the case to federal district court.

## BACKGROUND

Mr. Mayfield was employed as a city mail carrier with the Postal Service's Valley Ranch Station in Irving, Texas until December 10, 2011, when he was removed for, among other things, refusing to deliver mail.

In May 2012, Mr. Mayfield appealed his removal to the Board. He asserts that his removal was motivated by racial discrimination, as well as retaliation for his prior equal employment opportunity activity, whistleblowing disclosure, and a lawsuit accusing the Postmaster and several co-workers of identity theft.

In September 2012, the administrative judge who was assigned to the case sustained the removal action. As to Mr. Mayfield's racial discrimination allegations, the administrative judge found that there was no evidence suggesting the agency's action was disparate when compared with the penalties imposed on employees who were not in his protected group who were charged with or engaging in the same conduct. In that regard, the administrative judge pointed out that the employees identified by Mr. Mayfield did not work in the same facility and did not have the same supervisors as Mr. Mayfield, and there was no evidence indicating they purposely refused to deliver the mail.

With regard to Mr. Mayfield's protected activity allegations, the administrative judge found that Mr. Mayfield had failed to demonstrate that the removal action was taken because of the protected activity as opposed to his refusal to deliver the mail. After the Board affirmed the administrative judge's initial decision in July 2013, Mr. Mayfield timely appealed to this court.

## DISCUSSION

This court's jurisdiction to review decisions of the Board involving cases of discrimination is limited by statute. *See* 5 U.S.C. § 7703. We have jurisdiction to review a Board determination that an employee's case is not appealable to the Board, regardless of whether the employee has sought to raise claims of agency discrimination. *See* 5 U.S.C. §7703(b)(1); 5 U.S.C. § 7702(a)(1)(A); *Conforto v. Merit Sys. Prot. Bd.*, 713 F.3d 1111, 1118 (Fed. Cir. 2013). We do not have jurisdiction to review cases involving discrimination allegations. *See* 5 U.S.C. §7703(b)(2); *Kloeckner v. Solis*, 133 S. Ct. 596, 607 (2012).

This case falls outside of our limited review authority. The Board did not dismiss Mr. Mayfield's appeal for lack of jurisdiction. Rather, it exercised jurisdiction over the case and rejected Mr. Mayfield's allegation that his removal was motivated by racial discrimination. Because this court lacks jurisdiction and judicial review of a Board decision in a mixed case that includes a discrimination claim is instead assigned to the district courts, we grant the agency's motion to the extent that we transfer the petition to the United States District Court for the Northern District of Texas. *See* 28 U.S.C. § 1631 (authorizing transfer of an appeal to the court it could have been brought at the time it was filed or noticed).

Accordingly,

IT IS ORDERED THAT:

The motion is granted to the extent that the petition is transferred to the United States District Court for the Northern District of Texas pursuant to 28 U.S.C. § 1631.

4                                    MAYFIELD v. USPS

FOR THE COURT

/s/ Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s19