Herbert Ellsworth **GREGORY,**
**Appellant**

v.

**GENERAL SERVICES**
**ADMINISTRATION,**
**GSA, Appellee.**

No. 13–5180.

United States Court of Appeals,
District of Columbia Circuit.

May 7, 2014.

Herbert Ellsworth Gregory, Alexandria, VA, pro se.

R. Craig Lawrence, Jane M. Lyons, Ronald C. Machen, Jr., Esquire, U.S. Attorney's Office, Washington, DC, for Appellee.

Before: GRIFFITH, PILLARD, and WILKINS, Circuit Judges.

8

## *JUDGMENT*

PER CURIAM.

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs filed by the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. Rule 34(j). It is

**ORDERED AND ADJUDGED** that the district court's orders filed April 10, 2013, May 2, 2013, and June 4, 2013, be affirmed. For the district court to exercise jurisdiction over a "mixed case appeal," the complaint must allege both that the employee "has been affected by an action which [he] ... may appeal to the Merit Systems Protection Board" and that "a basis for the action was discrimination prohibited by" certain antidiscrimination statutes. *Kloeckner v. Solis,* —— U.S. ——, 133 S.Ct. 596, 601–02, 604, 184 L.Ed.2d 433 (2012); 5 U.S.C. § 7702(a)(1). Even assuming that appellant alleged his non-selection was discriminatory, a non-selection is not a suitability action appealable to the Board, see 5 C.F.R. § 731.203(b), and appellant has shown no other legal basis for the Board to exercise jurisdiction. Because the Board could not exercise juris-diction over appellant's purported "mixed case appeal," neither can the district court. Furthermore, the district court did not abuse its discretion in denying appellant's post-dispositional motions, which did not cure the jurisdictional defect. *See Browder v. Director, Dep't of Corrections of Illinois,* 434 U.S. 257, 263 n. 7, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978) (denial of Rule 60(b) motion reviewed for abuse of discretion); *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C.Cir.1996) (denial of Rule 59(e) motion reviewed for abuse of discretion).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.