# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD
## 2015 MSPB 16

Docket No. PH-0752-12-0402-A-2

**Anthony Caros,**

**Appellant,**

**v.**

**Department of Homeland Security,**

**Agency.**

February 23, 2015

Rosemary Dettling, Esquire, Washington, D.C., for the appellant.

Jeane Yoo, Esquire, and Laurel L. Poe, Esquire, Baltimore, Maryland, for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Anne M. Wagner, Vice Chairman
Mark A. Robbins, Member

## OPINION AND ORDER

¶1  The appellant has filed a petition for review and the agency has filed a cross petition for review of the addendum initial decision, which awarded attorney fees in the amount of $67,765.88. We DENY the petition for review and the cross petition for review and AFFIRM the addendum initial decision.

## BACKGROUND

¶2  The agency removed the appellant from service. *See Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-I-2, Initial Decision (Jan. 18, 2013). However, after holding a hearing, the administrative judge

reversed the removal and ordered the appellant's reinstatement. *Id*. at 2, 21. The agency filed a petition for review of that decision. *See Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-I-2, Final Order (Feb. 25, 2014). We affirmed the initial decision to the extent that it found that the agency failed to meet its burden of proving the charges, and reversed it to the extent that it found that the appellant proved his claim of retaliation for his prior equal employment opportunity (EEO) activities.[1] *Id.* at 1-2.

¶3    While the agency's petition for review in the underlying appeal was pending, the appellant filed a petition for attorney fees. *See Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-A-1 (A-1), Attorney Fee File (AFF), Tab 1. The administrative judge dismissed the petition as premature. A-1, AFF, Tab 4. At a more appropriate time, the appellant filed a second petition for attorney fees. *See Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-A-2 (A-2), AFF, Tab 1.

¶4    In his fee petition, the appellant sought compensation for 268 hours at a rate of $510 per hour, as well as $1,385.53 in costs, for a total of $138,380.03. *Id*. at 2, 6, 8. The administrative judge approved an award in the amount of $67,765.88. A-2, AFF, Tab 6, Addendum Initial Decision (AID) at 1. He did so after finding that $250, rather than $510, was the reasonable billing rate, and after finding that $765.88 for the cost of a deposition transcript was not recoverable.[2] *See* AID at 9-11. The appellant has filed a petition for review. A-2, Petition for Review (PFR) File, Tab 1. The agency has filed a response and cross petition for review. PFR File, Tab 3. The appellant has not filed a response.

---

[1] Although not relevant to the instant fee petition, the appellant has also filed a petition for enforcement regarding the appropriate back pay award, which remains pending. *See Caros v. Department of Homeland Security*, MSPB Docket No. PH-0752-12-0402-C-1.

[2] Neither party has challenged the administrative judge's award of costs, and therefore we do not revisit it here.

## ANALYSIS

¶5    To establish entitlement to an award of attorney fees under 5 U.S.C. § 7701(g)(1), an appellant must show that: (1) he was the prevailing party; (2) he incurred attorney fees pursuant to an existing attorney-client relationship; (3) an award of fees is warranted in the interest of justice; and (4) the amount of fees claimed is reasonable. *Driscoll v. U.S. Postal Service*, 116 M.S.P.R. 662, ¶ 7 (2011). At no point has the agency disputed the first three elements. *See* A-2, AFF, Tab 4; PFR File, Tab 3. Accordingly, we limit our discussion to the element in dispute—the reasonableness of the amount of fees claimed.

The appellant failed to demonstrate any error in the administrative judge's finding that $250 was a reasonable hourly rate.

¶6    The appellant argues that the administrative judge erred in awarding fees at an hourly rate of $250, rather than the $510 requested. PFR File, Tab 1 at 7-11. The agency argues that the administrative judge's use of $250 as the hourly rate was appropriate. PFR File, Tab 3 at 4, 9-10. We find no reason to disturb the initial decision on this point.[3]

¶7    As stated above, the appellant must show that the attorney fees claimed are reasonable. *See Driscoll*, 116 M.S.P.R. 662, ¶¶ 7, 10. Where it is agreed that a specific fee be paid to an attorney for legal services rendered on behalf of an

---

[3] The appellant argues that the administrative judge erred in failing to adjust the hourly rate for inflation. PFR File, Tab 1 at 10-11. However, the appellant did not argue below that he was entitled to an adjusted award, and the administrative judge therefore did not address this issue. A-2, AFF, Tab 1; *see* AID; *see also Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980) (the Board generally will not consider an argument raised for the first time in a petition for review absent a showing that it is based on new and material evidence not previously available despite the party's due diligence). In any case, the Board has held that attorney fees awarded under 5 U.S.C. § 7701(g)(1), as is the case here, may not be enhanced, either by applying an attorney's current rate retroactively or by granting interest on fees, to account for delay in payment. *Krape v. Department of Defense*, 97 M.S.P.R. 430, ¶ 10 (2004). Therefore, we do not find such an adjustment appropriate.

appellant in a Board case, the Board presumes that the amount agreed upon represents the maximum reasonable fee which may be awarded. *Krape*, 97 M.S.P.R. 430, ¶ 12. This presumption is rebuttable by convincing evidence that the agreed-upon rate was not based on marketplace considerations and that the attorney's rate for similar work was customarily higher, or by showing that she had agreed to such a rate only because of the employee's reduced ability to pay and that her customary fee for similar work was significantly higher. *Id*.

¶8      The fee agreement between the appellant and his attorney lists two options for structuring legal fees—an hourly rate or a flat fee. A-1, AFF, Tab 1 at 31-32.[4] Next to the hourly rate option, "N/A" is inserted, and next to the flat fee option, the appellant's name is inserted. *Id*. Therefore, it is evident that the appellant and his attorney agreed to the flat fee option for payment. Nevertheless, both options are relevant.

¶9      The hourly rate option, which was not selected, included a minimum retainer fee of $3,500, and an hourly billing rate of $250. *Id*. It would have required the appellant to seek lodestar fees from the agency if he prevailed, without any mention of the *Laffey* Matrix.[5] *Id*. at 32. The lodestar is the scheme

---

[4] The retainer agreement is available in both the initial request for attorney fees, which was dismissed as premature, and the second request, which is currently before us. A-1, AFF, Tab 1 at 31-35; A-2, AFF, Tab 1 at 30-34. The copy contained in the second request is distorted where it discusses requesting the agency to pay fees at the current *Laffey* rate. A-2, AFF, Tab 1 at 31. Therefore, we cite to the copy contained in the first request. A-1, AFF, Tab 1 at 32.

[5] The *Laffey* Matrix is a schedule of hourly rates allowed by the U.S. District Court for the District of Columbia in *Laffey v. Northwest Airlines, Inc*., 572 F. Supp. 354, 371, 374-75 (D.D.C. 1983), *reversed in relevant part*, 746 F.2d 4, 24-25 (D.C. Cir. 1984) (holding that an attorney's customary billing rate, and not a matrix purporting to reflect the "true value" of the attorney's services, is the appropriate starting point for determining the reasonable hourly rate), *overruled by Save Our Cumberland Mountains, Inc. v. Hodel*, 857 F.2d 1516, 1524 (D.C. Cir. 1988) (holding that the prevailing market rate is the appropriate basis for calculating fees for private attorneys who represent

for determining a reasonable fee award in a case where, as here, the prevailing party did not obtain all requested relief, and is calculated by multiplying the hours reasonably spent on the litigation by a reasonable hourly rate. *Guy v. Department of the Army*, 118 M.S.P.R. 45, ¶ 8 (2012) (citing *Hensley v. Eckert*, 461 U.S. 424, 433 (1983)). The flat fee option, which was selected, included a retainer fee of $3,000 and another $3,000 in other fees, with no hourly billing. A-1, AFF, Tab 1 at 32. Yet, it also differed from the hourly rate option by stating that, if the appellant prevailed, he was to seek *Laffey* fees from the agency. *Id*. Both fee structures included a provision claiming that the rates were reduced because of the attorney's "commitment to civil rights." A-1, AFF, Tab 1 at 32. However, neither gave any indication that the appellant was responsible for paying *Laffey* rates, so long as the attorney-client relationship remained intact. *See id*. at 31-34. In fact, under the applicable flat fee structure, the appellant was not responsible for paying anything out of his pocket beyond $6,000 under any scenario, absent a breakdown in the attorney-client relationship.[6] *See id*. at 32. For example, had the Board found in favor of the appellant, but nonetheless found an award of attorney fees not to be in the interest

individuals "at reduced rates reflecting non-economic goals"). It purports to show the prevailing market rates for attorneys in the District of Columbia. *Bywaters v. United States*, 670 F.3d 1221, 1226 & n.4 (Fed. Cir. 2012). The U.S. Attorney's Office for the District of Columbia maintains an updated version of the matrix. *See* A-2, AFF, Tab 1 at 29. The Board has found that an attorney's customary billing rate, rather than the market rate of recovery, is the appropriate rate for private attorneys who charge below the prevailing community rate in connection with Board appeals, noting that there is no public policy to encourage the filing of adverse action appeals. *Brown v. Department of Health & Human Services*, 50 M.S.P.R. 523, 530 (1991) (rejecting the application of the rationale of *Save Our Cumberland Mountains* to Board appeals).

[6] The agreement stated, "After these [$6,000] are paid, client will not be charged additionally [sic] legal fees." A-1, AFF, Tab 1 at 32. It went on to state that, "in the event of a successful resolution, the agency will be charged," and that the appellant agreed to request fees at the current *Laffey* rates. *Id*.

of justice, the retainer agreement did not require that the appellant pay the attorney anything beyond the previously paid $6,000.[7] *See id.*

¶10    The agency argued, and the administrative judge found, that the maximum reasonable fee was the $250 per hour listed as an option in the retainer agreement.[8] *See, e.g.*, A-2, AFF, Tab 4 at 7-8; PFR File, Tab 3 at 10; AID at 9. We agree.

¶11    A contract for services that contains an hourly rate is strong evidence of the local market rate because the client freely agreed to pay that rate. *Willis v. U.S. Postal Service*, 245 F.3d 1333, 1340 (Fed. Cir. 2001). Here, the fee structure agreed to was not hourly billing at $250 per hour. However, the contract seems to have provided that as an option, albeit an option not selected. *See* A-1, AFF, Tab 1 at 31-32. In addition, the appellant's attorney acknowledges that she did offer a billing rate of $250 per hour to some clients who agreed to be billed monthly and pay even if they lost their cases. PFR File, Tab 1 at 8.

¶12    In contrast, the attorney's affidavit asserts that she billed the appellant's case at the rate of $510 per hour. A-2, AFF, Tab 1 at 28. It characterizes this as her customary rate, reasonable and consistent with the *Laffey* Matrix.[9] *Id*. The

---

[7] The Board has found it appropriate to base a fee award on the lodestar amount even if the fee agreement called for a flat fee. *See generally Ruble v. Office of Personnel Management*, 96 M.S.P.R. 44, ¶ 13 n.* (2004). Therefore, we find it appropriate to calculate fees in this appeal using the lodestar amount despite the flat fee arrangement that the appellant and his counsel selected.

[8] Although the agency has conceded that $250 per hour was a reasonable billing rate, the agency errs to the extent that it argues that this was the agreed upon billing rate. *Compare* A-2, AFF, Tab 4 at 7 (asserting that the appellant agreed to $250 per hour), *and* PFR File, Tab 3 at 11 (same), *with* A-1, AFF, Tab 1 at 31-32 (selecting the flat fee billing option rather than the $250 per hour billing option).

[9] The *Laffey* Matrix included in the appellant's fee petition lists $510 as the hourly rate for attorneys with 20 or more years of experience in the years 2013-2014. A-2, AFF, Tab 1 at 29.

affidavit also asserts that "when they are able to pay," the attorney customarily charges clients in employment cases at rates "similar to those set out in the *Laffey* Matrix." *Id*. The affidavit, though, is lacking in that it fails to identify even a single case in which she charged a client $510 per hour or any other comparable rate. Instead, the affidavit points to two Board cases where respondent agencies reportedly paid the appellant's attorney *Laffey* rates as part of a settlement agreement, and several Equal Employment Opportunity Commission (EEOC) cases in which she was reportedly awarded *Laffey* rates. *Id*. at 27. We do not find that this evidence outweighs the specific evidence that the customary rate was, in fact, $250 per hour. *Cf. Andrus v. General Services Administration*, 56 M.S.P.R. 681, 686 (1993) (finding that an administrative judge erred in relying on fees awarded to an appellant's counsel in addendum initial decisions in other appeals because such decisions were not precedential). This evidence includes both the fee agreement and the attorney's admission on petition for review that she "did offer some employees the rate of $250 an hour." A-1, AFF, Tab 1 at 31-32; PFR File, Tab 1 at 8.

¶13    To the extent that the appellant's attorney suggests that she would have charged the appellant $510 per hour but instead offered a reduced rate due to the appellant's inability to pay, the administrative judge rightly found that this claim is not supported by the record. *See* PFR File, Tab 1 at 5, 7, 9; AID at 9; *cf. Ishikawa v. Department of Labor*, 26 M.S.P.R. 258, 260 (1985) (counsel successfully rebutted the presumption that the agreed upon rate was the maximum fee awardable by showing that she had agreed upon that rate only because of the employee's reduced ability to pay and that her customary fee for similar work was significantly higher). On review, the appellant disputes this finding by pointing to the underlying removal appeal and purported testimony that the appellant had no income. PFR File, Tab 1 at 9. Again, we are not persuaded. We recognize that an employee appealing his removal may be without an income for some period of time. But that, by itself, does not constitute sufficient

evidence that this appellant was billed at less than $510 per hour due to a reduced ability to pay. Moreover, as discussed above, the retainer agreement asserts that the appellant was provided a reduced rate because of his attorney's commitment to civil rights. *See* A-1, AFF, Tab 1 at 31-32. It contains no indication that the rate was the result of an inability to pay.

¶14 With the petition for review, the appellant submitted an affidavit from another attorney in the community who practices before the Board, describing his billing practices. PFR File, Tab 1 at 13-15; *see* 5 C.F.R. § 1201.203(a)(2)-(3) (in addition to the fee agreement and a statement of the attorney's customary billing rate for similar work, a fee petition also must include evidence that the rate is consistent with the prevailing community rate for similar services in the community in which the attorney ordinarily practices). The petition argues that this constitutes new evidence, not previously available, despite due diligence. PFR File, Tab 1 at 9-10. According to the appellant's attorney, she previously sought out attorneys who prevailed before the Board, but was unable to locate any. *Id.* at 9. We are not persuaded that due diligence was exercised given that Board decisions are publicly available on the internet, at http://www.mspb.gov/decisions/decisions.htm, and list the names of the parties' representatives. With little effort, the appellant's attorney should have determined that she could contact identified prevailing appellants' attorneys at any time. Accordingly, we will not consider this allegedly new evidence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980) (under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with the petition for review absent a showing that it was unavailable before the record was closed despite the party's due diligence).

¶15 In conclusion, the appellant bore the burden of showing that the requested fees were reasonable, including providing evidence of his attorney's customary rate and that the rate was consistent with the prevailing rate for similar services in the community in which the attorney ordinarily practices. 5 C.F.R.

§ 1201.203(a)(3); *see Driscoll*, 116 M.S.P.R. 662, ¶¶ 7, 10 (an appellant must show, inter alia, that the amount of attorney fees claimed is reasonable); *Coleman v. Department of Transportation*, 21 M.S.P.R. 596, 602 (1984) (the burden of establishing the reasonableness of hours and rates claimed is on the moving party). Based on the evidence discussed above, we find no error in the administrative judge's determination that the appellant was entitled to fees at a rate of $250 per hour, rather than the requested $510 per hour. *See* AID at 9; *see also Howard v. Office of Personnel Management*, 79 M.S.P.R. 172, ¶ 7 (1998) (the administrative judge who decided the case on the merits after a hearing is in the best position to evaluate the evidence submitted by counsel to determine the quality of representation afforded and whether the amount requested is reasonable).

The agency failed to demonstrate any error in the administrative judge's finding that 268 hours of attorney time was reasonable.

¶16      The agency argues in its cross petition, as it did below, that the number of hours billed was unreasonable and inaccurate. PFR File, Tab 3 at 14-18. We find that the agency failed to establish any error warranting further review.

¶17      The party seeking an award of fees should submit evidence supporting the hours worked and exclude hours that are excessive, redundant, or otherwise unnecessary. *Driscoll*, 116 M.S.P.R. 662, ¶ 11. The administrative judge need not automatically accept claimed hours, but may disallow hours for duplication, padding, or frivolous claims, and impose fair standards of efficiency and economy of time. *Id*.

¶18      The agency's arguments mirror those already asserted below. *Compare* A-2, AFF, Tab 4 at 8-12, *with* PFR File, Tab 3 at 14-18. According to the agency, the hours billed for some tasks, such as the 26 hours associated with the preparation of the fee petition, are excessive. PFR File, Tab 3 at 14-15. The agency also disputes the hours billed on August 24, 2012, alleging that billing for calls between the appellant and his attorney and billing for a telephone deposition

are duplicative. *Id*. at 15-17. Finally, the agency contends that the descriptions provided with some of the billed hours are vague and inadequate. *Id*. at 17-18.

¶19     Contrary to the agency's arguments, the administrative judge found that the 268 hours attributed to the appellant's case were not excessive, the billing descriptions of services were not inadequate, and all the claimed time, including phone calls, was reasonable. AID at 10. Where, as here, the administrative judge held a hearing on the merits of the underlying appeal, he is in the best position to evaluate the documentation submitted by counsel to determine whether the amount requested is reasonable and the quality of the representation afforded. *Sprenger v. Department of the Interior*, 34 M.S.P.R. 664, 669 (1987). The agency has not provided any new, previously unavailable evidence, and has alleged no legal or procedural error, or abuse of discretion by the administrative judge. *See* 5 C.F.R. § 1201.115 (stating the bases for granting a petition for review). We are unable to discern such error, and see no reason to disturb the administrative judge's factual findings that the hours charged were reasonable. *See McKenna v. Department of the Navy*, 108 M.S.P.R. 404, ¶ 14 (2008) (declining to disturb an administrative judge's findings regarding the reasonableness of the hours charged in connection with a motion for attorney fees in light of the absence of any legal error or new, previously unavailable evidence); *Broughton v. Department of Health & Human Services*, 33 M.S.P.R. 357, 359 (1987) (there is no reason to disturb the administrative judge's conclusions when they reflect that the administrative judge considered the evidence as a whole, drew appropriate inferences, and made reasoned conclusions).

Because the underlying appeal is a mixed case, we provide mixed-case appeal rights in this decision regarding attorney fees.

¶20     A mixed-case appeal is an appeal filed directly to the Board that alleges that an appealable agency action was effected, in whole or in part, because of discrimination on the basis of race, color, religion, sex, national origin, disability,

age, genetic information, or reprisal. *Mills v. U.S. Postal Service*, 119 M.S.P.R. 482, ¶ 7 (2013); 5 C.F.R. § 1201.151. Judicial review of mixed-case appeals lies in a federal district court of competent jurisdiction. 5 U.S.C. §§ 7702(a)(1), 7703(b)(2); *Kloeckner v. Solis*, 133 S. Ct. 596, 603-04, 607 (2012); 5 C.F.R. § 1201.157. Alternatively, an appellant can seek administrative review of a mixed case before the EEOC. 5 U.S.C. § 7702(b), (e)(3). For nonmixed-case appeals governed by the procedures of 5 U.S.C. § 7701, a party may seek judicial review in the U.S. Court of Appeals for the Federal Circuit. 5 U.S.C. § 7703(b)(1)(A); 5 C.F.R. § 1201.157.

¶21      Historically, the Board provided notice of mixed-case appeal rights in its final decision only when the Board actually decided a claim of discrimination. *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 10 (2013). In all other cases, including one in which a claim of discrimination was raised but not decided, the Board provided notice of nonmixed appeal rights. *Id*. The Board reversed course, however, after the Supreme Court's *Kloeckner* decision. *Id*., ¶¶ 11-14. In *Kloeckner*, the Court noted that cases of discrimination "subject to" 5 U.S.C. § 7702 are those in which the appellant "has been affected by an action which [he] may appeal to the Merit Systems Protection Board" and "alleges that a basis for the action was discrimination prohibited by" one of the listed statutes. 133 S. Ct. at 603-04 (quoting 5 U.S.C. § 7702(a)(1)(A), (B)). The Court held that such cases must be filed in district court, not the Federal Circuit, even when the Board decides the case on procedural grounds. *Kloeckner*, 133 S. Ct. at 604, 607.

¶22      After *Kloeckner*, the Board determined that it would provide notice of mixed-case appeal rights in all cases in which the appellant was affected by an action appealable to the Board and alleged prohibited discrimination, regardless of whether the Board decided the claim of discrimination. *Cunningham*, 119 M.S.P.R. 147, ¶ 14; *see, e.g.*, *Stringer v. U.S. Postal Service*, MSPB Docket No. CH-0752-14-0207-I-1, Final Order at 2 (July 21, 2014) (providing notice of mixed-case appeal rights where the appellant's appeal was dismissed as

untimely); *Barazzone v. Department of Army*, MSPB Docket No. PH-315H-12-0114-I-1, Final Order at 2 (April 5, 2013) (same); *Brisson v. Department of Veterans Affairs*, MSPB Docket No. DE-0432-09-0384-I-1, Final Order at 2 (Feb. 25, 2013) (same). The Board continues to provide notice of nonmixed-case appeal rights in all cases dismissed by the Board on jurisdictional grounds, including cases in which the appellant raised a discrimination claim. *Conforto v. Merit Systems Protection Board*, 713 F.3d 1111, 1117-19 (Fed. Cir. 2013)[10]; *see Bean v. U.S. Postal Service*, 120 M.S.P.R. 447, ¶ 12 (2013) (finding that when jurisdiction is in doubt and an appeal has been dismissed on procedural grounds, nonmixed-case appeal rights apply); *Johnson v. U.S. Postal Service*, 120 M.S.P.R. 87, ¶ 12 (2013) (nonmixed-case appeal rights apply where an appellant withdraws her discrimination claim before the administrative judge issues a decision).

¶23    In light of *Kloeckner* and its progeny, we now consider whether addendum proceedings for attorney fees stemming from a mixed case require notice of mixed-case appeal rights. We conclude that they do.

¶24    Here, the appellant's underlying appeal included an allegation that the agency retaliated against him based on his prior EEO activity. *See Caros*, MSPB Docket No. PH-0752-12-0402-I-2, Final Order at 6-9. Accordingly, the Board provided the appellant with notice of mixed-case appeal rights with the decision on that underlying appeal. *Id*. at 11-12. The addendum initial decision currently before the Board on review concerns the appellant's petition for attorney fees, not the merits of his original claim against the agency. The fact remains, however, that the appellant's petition for attorney fees stems from a mixed case. As the

---

[10] In *Conforto*, the Federal Circuit explained that *Kloeckner* did not affect its prior case law regarding the Board's jurisdictional dismissals and that it has jurisdiction over a petition when the Board dismisses for lack of jurisdiction. 713 F.3d at 1117-18. Here, the appellant's petition for attorney fees was not dismissed on jurisdictional grounds.

Federal Circuit observed when presented with similar circumstances in *Schultz v. Merit Systems Protection Board*, No. 2012-3142, 2014 WL 6462265, at \*1 (Fed. Cir. Sept. 17, 2013), the Supreme Court's *Kloeckner* decision is not ambiguous: a federal employee should seek judicial review in district court, not in the Federal Circuit, when he claims that an agency action violates an anti-discrimination statute, and he should follow the same course in ancillary proceedings that stem from such a claim.  We agree.[11]

¶25      Accordingly, the Board will provide notice of mixed-case appeal rights in all addendum proceedings for attorney fees stemming from mixed-case appeals, regardless of whether the Board decided the underlying claim of discrimination.

## ORDER

¶26      This is the final decision of the Merit Systems Protection Board in this appeal.  Title 5 of the Code of Federal Regulations, section 1201.113(c) (5 C.F.R. § 1201.113(c)).

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request further review of this final decision.

### Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

---

[11] Although the Federal Circuit has designated the order in *Schultz* as nonprecedential, it is well-established that the Board may follow a nonprecedential Federal Circuit decision, where, as here, it finds it to be persuasive.  *Dean v. Office of Personnel Management*, 115 M.S.P.R. 157, ¶ 14 (2010).

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with the district court no later than 30 calendar days after your receipt of this order.  If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of

prepayment of fees, costs, or other security.   *See*  42 U.S.C.  § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:


_____
William D. Spencer
Clerk of the Board
Washington, D.C.