(Slip Opinion) OCTOBER TERM, 2012 1

NOTE: Where it is feasible, a syllabus (headnote) will be released, as is being done in connection with this case, at the time the opinion is issued. The syllabus constitutes no part of the opinion of the Court but has been prepared by the Reporter of Decisions for the convenience of the reader. See *United States* v. *Detroit Timber & Lumber Co.,* 200 U. S. 321, 337.

# SUPREME COURT OF THE UNITED STATES

Syllabus

## KLOECKNER *v*. SOLIS, SECRETARY OF LABOR

### CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 11–184.   Argued October 2, 2012—Decided December 10, 2012

The Civil Service Reform Act of 1978 (CSRA) permits a federal employee subjected to a particularly serious personnel action such as a discharge or demotion to appeal her agency's decision to the Merit Systems Protection Board (MSPB or Board).  Such an appeal may allege that the agency had insufficient cause for taking the action under the CSRA itself; but the appeal may also or instead charge the agency with discrimination prohibited by a federal statute.  See 5 U. S. C. §7702(a)(1).  When an employee alleges that a personnel action appealable to the MSPB was based on discrimination, her case is known as a "mixed case."  See 29 CFR §1614.302.  Mixed cases are governed by special procedures set out in the CSRA and regulations of the MSPB and Equal Employment Opportunity Commission (EEOC).

Under those procedures, an employee may initiate a mixed case by filing a discrimination complaint with the agency.  If the agency decides against the employee, she may either appeal the agency's decision to the MSPB or sue the agency in district court.  Alternatively, the employee can bypass the agency and bring her mixed case directly to the MSPB.  If the MSPB upholds the personnel action, whether in the first instance or after the agency has done so, the employee is entitled to seek judicial review.

Section 7703(b)(1) of the CSRA provides that petitions for review of MSPB decisions "shall be filed in the . . . Federal Circuit," except as provided in §7703(b)(2).  Section 7703(b)(2) instructs that "[c]ases of discrimination subject to the provisions of [§7702] shall be filed under [the enforcement provision of a listed antidiscrimination statute]."  Those enforcement provisions all authorize suit in federal district court.  The "cases of discrimination subject to the provisions of §7702" are those in which an employee "(A) has been affected by an action

which [she] may appeal to the [MSPB], and (B) alleges that a basis
for the action was discrimination prohibited by" a listed federal stat-
ute; in other words, "mixed cases."

In 2005, while an employee of the Department of Labor (DOL or
agency), petitioner Carolyn Kloeckner filed a complaint with the
agency's civil rights office, alleging that DOL had engaged in unlaw-
ful sex and age discrimination by subjecting her to a hostile work en-
vironment. Following applicable EEOC regulations, DOL completed
an internal investigation and report, and Kloeckner requested a
hearing before an EEOC administrative judge. While the EEOC case
was pending, Kloeckner was fired. Because Kloeckner believed that
DOL's decision to fire her was based on unlawful discrimination, she
now had a "mixed case." Kloeckner originally brought her mixed case
directly to the MSPB. Concerned about duplicative discovery ex-
penses between her EEOC and MSPB cases, she moved to amend her
EEOC complaint to include her claim of discriminatory removal and
asked the MSPB to dismiss her case without prejudice for four
months to allow the EEOC process to go forward. Both motions were
granted. In September 2006, the MSPB dismissed her appeal with-
out prejudice to her right to refile by January 18, 2007. The EEOC
case, however, continued until April 2007, when the EEOC judge
terminated the proceeding as a sanction for Kloeckner's bad-faith
discovery conduct and returned the case to DOL for a final decision.
In October, DOL ruled against Kloeckner on all of her claims.
Kloeckner appealed to the Board in November 2007. The Board dis-
missed Kloeckner's appeal as untimely, viewing it as an effort to reo-
pen her old MSPB case months after the January 18 deadline.

Kloeckner then brought this action against DOL in Federal District
Court, alleging unlawful discrimination. The court dismissed the
complaint for lack of jurisdiction. It held that, because the MSPB
dismissed Kloeckner's claims on procedural grounds, she should have
sought review in the Federal Circuit under §7703(b)(1); in the court's
view, the only discrimination cases that could go to district court pur-
suant to §7703(b)(2) were those the MSPB had decided on the merits.
The Eighth Circuit affirmed.

*Held*: A federal employee who claims that an agency action appealable
to the MSPB violates an antidiscrimination statute listed in
§7702(a)(1) should seek judicial review in district court, not the Fed-
eral Circuit, regardless whether the MSPB decided her case on pro-
cedural grounds or on the merits. Pp. 7–14.

(a) Two sections of the CSRA, read naturally, direct employees like
Kloeckner to district court. Begin with § 7703, which governs judicial
review of MSPB rulings. Section 7703(b)(1) provides that petitions to
review the Board's final decisions should be filed in the Federal Cir-

cuit—"[e]xcept as provided in paragraph (2) of this subsection." Section 7703(b)(2) then provides that "[c]ases of discrimination subject to the provisions of [§7702]" "shall be filed under" the enforcement provision of a listed antidiscrimination statute. Each of the referenced enforcement provisions authorizes an action in federal district court. Thus, "[c]ases of discrimination subject to the provisions of [§7702]" shall be filed in district court. Turn next to §7702, which provides that the cases "subject to [its] provisions" are cases in which a federal employee "has been affected by an action which [she] may appeal to the [MSPB]," and "alleges that a basis for the action was discrimination prohibited by" a listed federal statute. The "cases of discrimination subject to" §7702 are therefore mixed cases. Putting §7703 and §7702 together, mixed cases shall be filed in district court. That is where Kloeckner's case should have been, and indeed was, filed. Regardless whether the MSPB dismissed her claim on the merits or threw it out as untimely, she brought the kind of case that the CSRA routes to district court. Pp. 7–8.

(b) The Government's alternative view—that the CSRA directs the MSPB's merits decisions to district court, while channeling its procedural rulings to the Federal Circuit—is not supported by the statute. According to the Government, that bifurcated scheme, though not specifically prescribed in the CSRA, lies hidden in the statute's timing requirements. But the Government cannot explain why Congress would have constructed such an obscure path to such a simple result. And taking the Government's analysis one step at a time makes it no more plausible. Pp. 8–13.

639 F. 3d 834, reversed and remanded.

KAGAN, J., delivered the opinion for a unanimous Court.

NOTICE: This opinion is subject to formal revision before publication in the preliminary print of the United States Reports. Readers are requested to notify the Reporter of Decisions, Supreme Court of the United States, Washington, D. C. 20543, of any typographical or other formal errors, in order that corrections may be made before the preliminary print goes to press.

# SUPREME COURT OF THE UNITED STATES

No. 11–184

CAROLYN M. KLOECKNER, PETITIONER *v.* HILDA L. SOLIS, SECRETARY OF LABOR

ON WRIT OF CERTIORARI TO THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

[December 10, 2012]

JUSTICE KAGAN delivered the opinion of the Court.

A federal employee subjected to an adverse personnel action such as a discharge or demotion may appeal her agency's decision to the Merit Systems Protection Board (MSPB or Board). See 5 U. S. C. §§7512, 7701. In that challenge, the employee may claim, among other things, that the agency discriminated against her in violation of a federal statute. See §7702(a)(1). The question presented in this case arises when the MSPB dismisses an appeal alleging discrimination not on the merits, but on procedural grounds. Should an employee seeking judicial review then file a petition in the Court of Appeals for the Federal Circuit, or instead bring a suit in district court under the applicable antidiscrimination law? We hold she should go to district court.

I

A

The Civil Service Reform Act of 1978 (CSRA), 5 U. S. C. §1101 *et seq.*, establishes a framework for evaluating personnel actions taken against federal employees. That statutory framework provides graduated procedural pro-

tections depending on an action's severity.  If (but only if )
the action is particularly serious—involving, for example,
a removal from employment or a reduction in grade or
pay—the affected employee has a right to appeal the
agency's decision to the MSPB, an independent adjudica-
tor of federal employment disputes.[1]   See §§1204, 7512,
7701.  Such an appeal may merely allege that the agency
had insufficient cause for taking the action under the
CSRA; but the appeal may also or instead charge the
agency with discrimination prohibited by another federal
statute, such as Title VII of the Civil Rights Act of 1964,
42 U. S. C. §2000e *et seq.,* or the Age Discrimination in
Employment Act of 1967, 29 U. S. C. §621 *et seq.*  See 5
U. S. C. §7702(a)(1).   When an employee complains of
a personnel action serious enough to appeal to the MSPB
*and* alleges that the action was based on discrimination,
she is said (by pertinent regulation) to have brought a
"mixed case."  See 29 CFR §1614.302 (2012).  The CSRA
and regulations of the MSPB and Equal Employment
Opportunity Commission (EEOC) set out special proce-
dures to govern such a case—different from those used
when the employee either challenges a serious personnel
action under the CSRA alone or attacks a less serious
action as discriminatory.  See 5 U. S. C. §§7702, 7703(b)(2)
(2006 ed. and Supp. V); 5 CFR pt. 1201, subpt. E (2012);
29 CFR pt. 1614, subpt. C.

   A federal employee bringing a mixed case may pro-
ceed in a variety of ways.  She may first file a discrim-
ination complaint with the agency itself, much as an
employee challenging a personnel practice not appealable to
the MSPB could do.  See 5 CFR §1201.154(a); 29 CFR

---

   [1] The actions entitling an employee to appeal a case to the MSPB
include "(1) a removal; (2) a suspension for more than 14 days; (3) a
reduction in grade; (4) a reduction in pay; and (5) a furlough."   5
U. S. C. §7512.

§1614.302(b). If the agency decides against her, the employee may then either take the matter to the MSPB or bypass further administrative review by suing the agency in district court. See 5 CFR §1201.154(b); 29 CFR §1614.302(d)(1)(i). Alternatively, the employee may initiate the process by bringing her case directly to the MSPB, forgoing the agency's own system for evaluating discrimination charges. See 5 CFR §1201.154(a); 29 CFR §1614.302(b). If the MSPB upholds the personnel action (whether in the first instance or after the agency has done so), the employee again has a choice: She may request additional administrative process, this time with the EEOC, or else she may seek judicial review. See 5 U. S. C. §§7702(a)(3), (b); 5 CFR §1201.161; 29 CFR §1614.303. The question in this case concerns where that judicial review should take place.

Section 7703 of the CSRA governs judicial review of the MSPB's decisions. Section 7703(b)(1) gives the basic rule: "Except as provided in paragraph (2) of this subsection, a petition to review a . . . final decision of the Board shall be filed in the United States Court of Appeals for the Federal Circuit." Section 7703(b)(2) then spells out the exception:

> "Cases of discrimination subject to the provisions of section 7702 of this title shall be filed under [the enforcement sections of the Civil Rights Act, Age Discrimination in Employment Act, and Fair Labor Standards Act], as applicable. Notwithstanding any other provision of law, any such case filed under any such section must be filed within 30 days after the date the individual filing the case received notice of the judicially reviewable action under such section 7702."

The enforcement provisions of the antidiscrimination statutes listed in this exception all authorize suit in federal district court. See 42 U. S. C. §§2000e–16(c), 2000e–

5(f); 29 U. S. C. §633a(c); §216(b); see also *Elgin* v. *Department of Treasury*, 567 U. S. ___, ___ (2012) (slip op., at 9–10).

Section 7702 describes and provides for the "cases of discrimination" referenced in §7703(b)(2)'s exception.  In relevant part, §7702(a)(1) states:

> "[I]n the case of any employee . . . who—
>> "(A) has been affected by an action which the employee . . . may appeal to the Merit Systems Protection Board, and
>> "(B) alleges that a basis for the action was discrimination prohibited by [specified antidiscrimination statutes],
> "the Board shall, within 120 days of the filing of the appeal, decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures."

The "cases of discrimination" in §7703(b)(2)'s exception, in other words, are mixed cases, in which an employee challenges as discriminatory a personnel action appealable to the MSPB.

The parties here dispute whether, in light of these interwoven statutory provisions, an employee should go to the Federal Circuit (pursuant to the general rule of §7703(b)(1)), or instead to a district court (pursuant to the exception in §7703(b)(2)), when the MSPB has dismissed her mixed case on procedural grounds.

### B

Petitioner Carolyn Kloeckner used to work at the Department of Labor (DOL or agency).  In June 2005, while still an employee, she filed a complaint with the agency's civil rights office, alleging that DOL had engaged in unlawful sex and age discrimination by subjecting her to a hostile work environment.  At that point, Kloeckner's case was not appealable to the MSPB because she had not

suffered a sufficiently serious personnel action (*e.g.*, a removal or demotion). See *supra,* at 1–2. Her claim thus went forward not under the special procedures for mixed cases, but under the EEOC's regulations for all other charges of discrimination. See 29 CFR pt. 1614, subpts. A, D. In line with those rules, the agency completed an internal investigation and report in June 2006, and Kloeckner requested a hearing before an EEOC administrative judge.

The next month, DOL fired Kloeckner. A removal from employment is appealable to the MSPB, see *supra*, at 1–2, and Kloeckner believed the agency's action was discriminatory; she therefore now had a mixed case. As permitted by regulation, see *supra*, at 3, she initially elected to file that case with the MSPB. Her claim of discriminatory removal, however, raised issues similar to those in her hostile work environment case, now pending before an EEOC judge; as a result, she became concerned that she would incur duplicative discovery expenses. To address that problem, she sought leave to amend her EEOC complaint to include her claim of discriminatory removal, and she asked the MSPB to dismiss her case without prejudice for four months to allow the EEOC process to go forward. See App. 13, 50–51. Both of those motions were granted. The EEOC judge accepted the amendment,[2] and on September 18, 2006, the MSPB dismissed her appeal "without prejudice to [her] right to refile . . . either (A) within 30

———————

[2] Neither the CSRA nor any regulation explicitly authorizes an EEOC judge to consider the legality of a removal or other serious personnel action before the Board has done so. See *supra,* at 2–3. Nonetheless, the EEOC has approved that approach when the issues the personnel action raises are "firmly enmeshed" in an ongoing EEOC proceeding in order to avoid "delay[ing] justice and creat[ing] unnecessary procedural complications." *Burton* v. *Espy*, Appeal No. 01932449, 1994 WL 748214, *12 (EEOC, Oct. 28, 1994); see also *Myvett* v. *Poteat*, Appeal No. 0120103671, 2011 WL 6122516, *2 (EEOC, Nov. 21, 2011). We express no view on the propriety of this practice.

days after a decision is rendered in her EEOC case; or (B) by January 18, 2007—*whichever occurs first*." *Id.*, at 5.

Discovery continued in the EEOC proceeding well past the MSPB's January 18 deadline. In April, the EEOC judge found that Kloeckner had engaged in bad-faith conduct in connection with discovery. As a sanction, the judge terminated the EEOC proceeding and returned Kloeckner's case to DOL for a final decision. Six months later, in October 2007, DOL issued a ruling rejecting all of Kloeckner's claims. See *id.*, at 10–49.

Kloeckner appealed DOL's decision to the Board in November 2007. That appeal was filed within 30 days, the usual window for seeking MSPB review of an agency's determination of a mixed case. See 5 CFR §1201.154(a); 29 CFR §1614.302(d)(1)(ii). But the MSPB declined to treat Kloeckner's filing as an ordinary appeal of such an agency decision. Instead, the Board viewed it as an effort to reopen her old MSPB case—many months after the January 18 deadline for doing so had expired. The Board therefore dismissed Kloeckner's appeal as untimely. See App. 53–57.

Kloeckner then brought this action against DOL in Federal District Court, alleging unlawful discrimination. The District Court dismissed the complaint for lack of jurisdiction. See *Kloeckner* v. *Solis*, Civ. Action No. 4:09CV804 (ED Mo., Feb. 18, 2010). Relying on the Eighth Circuit's ruling in *Brumley* v. *Levinson*, 991 F. 2d 801 (1993) (*per curiam*), the court held that because the MSPB had dismissed Kloeckner's claims on procedural grounds, she should have sought review in the Federal Circuit under §7703(b)(1); in the court's view, the only discrimination cases that could go to district court pursuant to §7703(b)(2) were those the MSPB had decided on the merits. The Eighth Circuit affirmed on the same reasoning. See 639 F. 3d 834 (2011).

We granted certiorari, 565 U. S. ___ (2012), to resolve a

Circuit split on whether an employee seeking judicial review should proceed in the Federal Circuit or in a district court when the MSPB has dismissed her mixed case on procedural grounds.[3]  We now reverse the Eighth Circuit's decision.

## II

As the above account reveals, the intersection of federal civil rights statutes and civil service law has produced a complicated, at times confusing, process for resolving claims of discrimination in the federal workplace.  But even within the most intricate and complex systems, some things are plain.  So it is in this case, where two sections of the CSRA, read naturally, direct employees like Kloeckner to district court.

Begin with §7703, which governs judicial review of the MSPB's rulings.  As already noted, see *supra,* at 3–4, §7703(b)(1) provides that petitions to review the Board's final decisions should be filed in the Federal Circuit— "[e]xcept as provided in paragraph (2) of this subsection." Paragraph (2), *i.e.,* §7703(b)(2), then sets out a different rule for one category of cases—"[c]ases of discrimination subject to the provisions of section 7702 of this title."  Such a case, paragraph (2) instructs, "shall be filed under" the enforcement provision of an enumerated antidiscrimination statute.  And each of those enforcement provisions authorizes an action in federal district court.  See *supra,* at 3–4.  So "[c]ases of discrimination subject to the provisions of section 7702" shall be filed in district court.

Turn next to §7702, which identifies the cases "subject to [its] provisions."  As also stated earlier, §7702(a)(1) describes cases in which a federal employee "(A) has been

––––––––

[3] Compare 639 F. 3d 834 (CA8 2011) (case below) (Federal Circuit); *Ballentine* v. *MSPB*, 738 F. 2d 1244 (CA Fed. 1984) (same), with *Harms* v. *IRS*, 321 F. 3d 1001 (CA10 2003) (district court); *Downey* v. *Runyon*, 160 F. 3d 139 (CA2 1998) (same).

affected by an action which [she] may appeal to the Merit Systems Protection Board, and (B) alleges that a basis for the action was discrimination prohibited by" a listed federal statute. The subsection thus describes what we (adopting the lingo of the applicable regulations) have called "mixed cases." See 29 CFR §1614.302. Those are the "cases of discrimination subject to" the rest of §7702's provisions.

Now just put §7703 and §7702 together—say, in the form of a syllogism, to make the point obvious. Under §7703(b)(2), "cases of discrimination subject to [§7702]" shall be filed in district court. Under §7702(a)(1), the "cases of discrimination subject to [§7702]" are mixed cases—those appealable to the MSPB and alleging discrimination. Ergo, mixed cases shall be filed in district court.

And so that is where Kloeckner's case should have been filed (as indeed it was). No one here contests that Kloeckner brought a mixed case—that she was affected by an action (*i.e.*, removal) appealable to the MSPB and that she alleged discrimination prohibited by an enumerated federal law. And under the CSRA's terms, that is all that matters. Regardless whether the MSPB dismissed her claim on the merits or instead threw it out as untimely, Kloeckner brought the kind of case that the CSRA routes, in crystalline fashion, to district court.

## III

The Government offers an alternative view (as did the Eighth Circuit)—that the CSRA directs the MSPB's merits decisions to district court, while channeling its procedural rulings to the Federal Circuit. According to the Government, that bifurcated scheme, though not prescribed in the CSRA in so many words, lies hidden in the statute's timing requirements. But we return from the Government's mazelike tour of the CSRA persuaded only that the

merits-procedure distinction is a contrivance, found no-
where in the statute's provisions on judicial review.

The Government's argument has two necessary steps.
First, the Government claims that §7703(b)(2)'s exception
to Federal Circuit jurisdiction applies only when the
MSPB's decision in a mixed case is a "judicially review-
able action" under §7702. Second, the Government asserts
that the Board's dismissal of a mixed case on procedural
grounds does not qualify as such a "judicially reviewable
action." We describe in turn the way the Government
arrives at each of these conclusions.

The first step of the Government's argument derives
from §7703(b)(2)'s second sentence. Right after stating
that "cases of discrimination subject to [§7702]" shall be
filed under specified antidiscrimination statutes (*i.e.*, shall
be filed in district court), §7703(b)(2) provides: "Notwith-
standing any other provision of law, any such case filed
under any such [statute] must be filed within 30 days
after the date the individual filing the case received notice
of the judicially reviewable action under section 7702."
The Government reads that sentence to establish an ad-
ditional prerequisite for taking a case to district court,
instead of to the Federal Circuit. To fall within the
§7703(b)(2) exception, the Government says, it is not
enough that a case qualify as a "case of discrimination
subject to [§7702]"; in addition, the MSPB's decision must
count as a "judicially reviewable action." See Brief for
United States 20–21. If the MSPB's decision is *not* a
"judicially reviewable action"—a phrase the Government
characterizes as a "term of art in this context," Tr. of Oral
Arg. 28—the ruling still may be subject to judicial review
(*i.e.*, "judicially reviewable" in the ordinary sense), but
only in the Federal Circuit.

The Government's second step—that the Board's pro-
cedural rulings are not "judicially reviewable actions"—
begins with the language of §7702(a)(3). That provision,

the Government states, "defines for the most part which MSPB decisions qualify as 'judicially reviewable actions[s]'" by "providing that '[a]ny decision of the Board *under paragraph (1)* of this subsection shall be a judicially reviewable action as of' the date of the decision." Brief for Respondent 21 (quoting §7702(a)(3); emphasis and brackets added by Government). From there, the Government moves on to the cross-referenced paragraph— §7702(a)(1)—which states, among other things, that the Board "shall, within 120 days of [the employee's filing], decide both the issue of discrimination and the appealable action in accordance with the Board's appellate procedures." According to the Government, the Board only "decide[s] . . . the issue of discrimination" when it rules on the merits, rather than on procedural grounds. On that view, a procedural decision is not in fact a "decision of the Board under paragraph (1)," which means that it also is not a "judicially reviewable action" under §7702(a)(3). See Brief for Respondent 21–22. And so (returning now to the first step of the Government's argument), judicial review of a procedural decision can occur only in the Federal Circuit, and not in district court.

If you need to take a deep breath after all that, you're not alone. It would be hard to dream up a more roundabout way of bifurcating judicial review of the MSPB's rulings in mixed cases. If Congress had wanted to send merits decisions to district court and procedural dismissals to the Federal Circuit, it could just have said so. The Government has offered no reason for Congress to have constructed such an obscure path to such a simple result.

And taking the Government's analysis one step at a time makes it no more plausible than as a gestalt. The Government's initial move is to read §7703(b)(2)'s second sentence as adding a requirement for a case to fall within the exception to Federal Circuit jurisdiction. But that sentence does no such thing; it is nothing more than a

filing deadline. Consider each sentence of §7703(b)(2) in turn. The first sentence defines *which* cases should be brought in district court, rather than in the Federal Circuit; here, the full description is "[c]ases of discrimination subject to the provisions of section 7702"—to wit, mixed cases. The second sentence then states *when* those cases should be brought: "any such case . . . must be filed within 30 days" of the date the employee "received notice of the judicially reviewable action." The reference to a "judicially reviewable action" in that sentence does important work: It sets the clock running for *when* a case that belongs in district court must be filed there. What it does not do is to further define *which* timely-brought cases belong in district court instead of in the Federal Circuit. Describing those cases is the first sentence's role.

Proof positive that the Government misreads §7703(b)(2) comes from considering what the phrase "judicially reviewable action" would mean under its theory. In normal legal parlance, to say that an agency action is not "judicially reviewable" is to say simply that it is not subject to judicial review—that, for one or another reason, it cannot be taken to a court. But that ordinary understanding will not work for the Government here, because it wants to use the phrase to help determine which of two courts should review a decision, rather than whether judicial review is available at all. In the Government's alternate universe, then, to say that an agency action is not "judicially reviewable" is to say that it *is* subject to judicial review in the Federal Circuit (even though not in district court). Small wonder that the Government must call the phrase "judicially reviewable action" a "term of art," s*upra,* at 9: On a natural reading, the phrase defines cases amenable to judicial review, rather than routes those cases as between two courts.

And even were we to indulge the Government that far, we could not accept the second step of its analysis. At that

stage, remember, the Government contends that under §7702 only decisions on the merits qualify as "judicially reviewable actions." The language on which the Government principally relies, stated again, is as follows: "[T]he Board shall, within 120 days of [the employee's filing], decide both the issue of discrimination and the appealable action." But that provision, too, is only a timing requirement; it is designed to ensure that the Board act promptly on employees' complaints. We see no reason to think that embedded within that directive is a limitation on the class of "judicially reviewable actions." Nor (even were we to indulge the Government on that point as well) can we find the particular restriction the Government urges. According to the Government, the MSPB does not "decide . . . the issue of discrimination" when it dismisses a mixed case on procedural grounds. But that phrase cannot bear the weight the Government places on it. All the phrase signifies is that the Board should dispose of the issue in some way, whether by actually adjudicating it or by holding that it was not properly raised. Indeed, were the Government right, §7702(a)'s statement that the Board "shall" decide the issue of discrimination would appear to bar procedural dismissals, requiring the Board to resolve on the merits even untimely complaints. No one (least of all the Government, which here is defending a procedural ruling) thinks that a plausible congressional command.

Another section of the statute—§7702(e)(1)(B)—puts the final nail in the coffin bearing the Government's argument. That section states: "[I]f at any time after the 120th day following [an employee's filing] with the Board . . . , there is no judicially reviewable action[,] . . . an employee shall be entitled to file a civil action" in district court under a listed antidiscrimination statute. That provision, as the Government notes, is designed "to save employees from being held in perpetual uncertainty by Board inaction." Brief for Respondent 28. But if, as the Government

insists, a procedural ruling is not a "judicially reviewable action," then the provision would have another, surprising effect—essentially blowing up the Government's argument from the inside. In that event, an employee whose suit the Board had dismissed on procedural grounds *could* bring suit in district court under 7702(e)(1)(B) (so long as 120 days had elapsed from her Board filing), because she would have received "no judicially reviewable action." And what's more, she could do so even many years later, because the statute's usual 30-day filing deadline begins to run only upon "notice of [a] judicially reviewable action." §7703(b)(2). So an argument intended to keep employees like Kloeckner out of district court would paradoxically, and nonsensically, result in giving them all the time in the world to file suit there.

Responding to this unwelcome outcome, the Government offers us an exit route: We should avoid "absurd results," the Government urges, by applying §7702(e)(1)(B) only to "cases over which the Board continues to exert jurisdiction." Brief for Respondent 27, 28, n. 4. But as the Government admits, that "gloss on the statute is not found in the text," Tr. of Oral Arg. 50; the Government's remedy requires our reading new words into the statute. We think a better option lies at hand. If we reject the Government's odd view of "judicially reviewable actions," then no absurdity arises in the first place: §7702(e)(1)(B) would have no bearing on any case the MSPB dismissed within 120 days, whatever the grounds. It is the Government's own misreading that creates the need to "fix" §7702(e)(1)(B); take that away and the provision serves, as it was intended, only as a remedy for Board inaction.[4]

———————

[4] The Government supplements its tortuous reading of the CSRA's text with an appeal to one of the statute's purposes—in its words, "ensuring that the Federal Circuit would develop a uniform body of case law governing federal personnel issues." Brief for Respondent 32. We have previously recognized that Congress, through the CSRA,

## IV

A federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in §7702(a)(1) should seek judicial review in district court, not in the Federal Circuit. That is so whether the MSPB decided her case on procedural grounds or instead on the merits. Kloeckner therefore brought her suit in the right place. We reverse the contrary judgment of the Court of Appeals for the Eighth Circuit, and remand the case for further proceedings consistent with this opinion.

*It is so ordered.*

—————

sought to avoid "unnecessary layer[s] of judicial review in lower federal courts, and encourag[e] more consistent judicial decisions." *United States* v. *Fausto*, 484 U. S. 439, 449 (1988) (internal quotation marks and some bracketing omitted). But in this case, the Government's argument about the necessity of Federal Circuit review runs into an inconvenient fact: When Congress passed the CSRA, the Federal Circuit did not exist, and §7703(b)(1) thus provided, as the general rule, that a federal employee should appeal a Board decision to 1 of the 12 Courts of Appeals or the Court of Claims. See Civil Service Reform Act of 1978, 92 Stat. 1143. Moreover, the Government's own approach would leave many cases involving federal employment issues in district court. If the MSPB rejects on the merits a complaint alleging that an agency violated the CSRA as well as an antidiscrimination law, the suit will come to district court for a decision on both questions. See *Williams* v. *Department of Army*, 715 F. 2d 1485, 1491 (CA Fed. 1983) (en banc). In any event, even the most formidable argument concerning the statute's purposes could not overcome the clarity we find in the statute's text.