NOTE:  This order is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**LARRY BROOKS,**
*Petitioner,*

**v.**

**DEPARTMENT OF THE AIR FORCE,**
*Respondent.*

---

2013-3033

---

Petition for review of the Merit Systems Protection Board in No. AT0752120103-I-1

---

## ON MOTION

---

Before NEWMAN, PROST, and REYNA, *Circuit Judges.*

REYNA, *Circuit Judge.*

## O R D E R

In light of Larry Brooks's and the Department of the Air Force's responses to this court's show cause order, we consider whether this case should be dismissed or transferred to a district court pursuant to 28 U.S.C. § 1631.

Brooks was removed from his position as a Sheet Metal Mechanic Supervisor at Robins Air Force Base

based on a charge of inappropriate conduct. Brooks appealed the removal to the Merit Systems Protection Board. Brooks argued that he did not make any of the statements attributed to him and asserted two affirmative defenses – race and age discrimination. The Administrative Judge affirmed the Air Force's removal of Brooks, and the full Board denied Brooks's petition for review.

Brooks then filed a petition for review with this court. The petition was subsequently dismissed for failure to submit a required Statement Concerning Discrimination in accordance with the Rules of Practice. Brooks moved to reopen the appeal. The court granted the motion "for the purposes of addressing whether this court has jurisdiction due to the Supreme Court's recent decision in *Kloeckner v. Solis*, [___ U.S. ___, 133 S.Ct. 596 (2012).]" The parties were directed to respond why this case should not be dismissed or transferred to a district court in light of *Kloeckner*.

In *Kloeckner*, the Supreme Court held that a federal employee who claims that an agency action appealable to the Board violates an antidiscrimination statute listed in 5 U.S.C. § 7702(a)(1) should seek judicial review in district court, not in the Federal Circuit. *Id.* at 607. This case involves an agency removal action that the employee "may appeal to the Merit Systems Protection Board," and in which the employee "alleges that a basis for the action was discrimination[.]" 5 U.S.C. § 7702(a)(1). Judicial review is therefore assigned to the district court.

Brooks and the Department of the Air Force argue that this court has jurisdiction to hear the petition for review. Because Brooks's proffered Statement Concerning Discrimination indicates that "[a]ny claim of discrimination by reason of race, sex, age, national origin, or handicapped condition raised before and decided by the [Board] . . . has been abandoned or will not be raised or continued in this or any other court." According to the

parties, this "waiver" of any discrimination claim triggers this court's jurisdiction. We disagree.

Brooks's appeal before the Board alleged discrimination based on age and race. As the Board recently observed, there is nothing in the statutes suggesting "that the appellant can transform a mixed case into a nonmixed case after the Board has issued a decision simply by not seeking judicial review on a discrimination claim." *Mills v. USPS*, 119 M.S.P.R. 482 ¶9 (2013) (concluding that "from now on the Board will not inform appellants in mixed cases that they may seek judicial review before the Federal Circuit on issues other than discrimination"); *see also Doe v. Dep't of Justice*, No. 2012-3204, 2013 U.S. App. Lexis 9095 (Fed. Cir. May 3, 2013) (transferring to the district court a petition for review in which the petitioner had indicated in his Statement Concerning Discrimination that any claim of discrimination was abandoned).

Because *Kloeckner* is clear that judicial review of a Board decision in a mixed case that includes a discrimination claim is assigned to the district court, rather than this court, we transfer the petition for review to the appropriate district court, the United States District Court for the Middle District of Georgia.

Accordingly,

IT IS ORDERED THAT:

The petition is transferred to the United States District Court for the Middle District of Georgia pursuant to 28 U.S.C. § 1631.

FOR THE COURT

/s/  Daniel E. O'Toole
Daniel E. O'Toole
Clerk of Court

s25