# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| ELEUTERIA M. SAVAGE,<br>Appellant, | DOCKET NUMBER<br>SF-0752-15-0226-I-1 |
| v. | |
| DEPARTMENT OF THE NAVY,<br>Agency. | DATE: June 22, 2015 |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Eleuteria M. Savage, Ridgecrest, California, pro se.

Kymberley McEntee, China Lake, California, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which dismissed her removal appeal as untimely filed. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, and based on the following points and authorities, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order, we AFFIRM the initial decision.

¶2    The agency removed the appellant, effective March 24, 2014, for being absent without leave and for failure to follow the letter of requirement. Initial Appeal File (IAF), Tab 1 at 15. In the decision letter, the agency advised the appellant that she could appeal her removal with the Board and informed her that she must file her appeal no later than 30 days after the effective date of her removal. *Id*. at 9-10. Nine months later, on December 23, 2014, the appellant filed her appeal with the Board and raised a claim of discrimination based on her drug addiction. *Id*. at 2-3, 20.

¶3    The administrative judge ordered the appellant to submit evidence and argument showing that her appeal was timely or that good cause existed for her filing delay. IAF, Tab 2 at 2. The appellant responded to the order by arguing the merits of her appeal and stating that she "would like to go forward." IAF, Tab 3 at 1. The agency responded by asking the administrative judge to dismiss the appeal as untimely filed. IAF, Tab 4 at 12.

¶4    The administrative judge issued an initial decision on January 26, 2015, dismissing the appeal as untimely filed. IAF, Tab 5, Initial Decision (ID). In reaching his decision, the administrative judge acknowledged the appellant's pro se status but found that she failed to show that the lengthy filing delay was reasonable, that she exercised due diligence, or that there were circumstances

beyond her control that affected her ability to file her appeal on time. ID at 2-3. The appellant has filed a timely petition for review, and the agency has responded in opposition to her petition. Petition for Review (PFR) File, Tabs 1, 4.

¶5        To establish good cause for the untimely filing of an appeal, a party must show that he exercised due diligence or ordinary prudence under the particular circumstances of the case. *Alonzo v. Department of the Air Force*, 4 M.S.P.R. 180, 184 (1980). To determine whether an appellant has shown good cause, the Board will consider the length of the delay, the reasonableness of his excuse and his showing of due diligence, whether he is proceeding pro se, and whether he has presented evidence of the existence of circumstances beyond his control that affected his ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to his inability to timely file his petition. *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table).

¶6        For the first time on review, the appellant states that she read that she has "up to 10 years" to file her appeal with the Board because she has Post-Traumatic Stress Disorder (PTSD), although she fails to identify any legal authority to support her claim on review. PFR File, Tab 1 at 1. The appellant also submits a copy of a Department of Veterans Affairs (VA) Form 221-0781a, describing an assault in 2004 that she believes contributed to her PTSD; however, she does not assert that her PTSD prevented her from filing a timely appeal.[2] *Id*. at 3-5. The Board generally will not consider an argument raised for the first time in a

---

[2] VA Form 221-0781a is a Statement in Support of a Claim for Service Connection for Post-Traumatic Stress Disorder Secondary to Personal Assault, which the appellant signed on June 30, 2014. PFR File, Tab 1 at 3-5. In responding to the administrative judge's timeliness order, the appellant argued the merits of her appeal and offered no explanation (medical or otherwise) for her failure to file her Board appeal on time. IAF, Tab 3. Accordingly, we find that she was not entitled to receive specific notice of the factors for establishing good cause for waiver of the filing deadline based on physical or mental illness. *See Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998).

petition for review absent a showing that the appellant based her argument on new and material evidence not previously available despite her due diligence. *Banks v. Department of the Air Force*, 4 M.S.P.R. 268, 271 (1980).  The appellant in this case did not make the required showing.  She also failed to show that the VA Form 221-0781a, which she signed on June 30, 2014, was unavailable before the record closed on appeal despite her due diligence; therefore, the Board will not consider this evidence.  PFR File, Tab 1 at 5; *see Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115.

¶7    On review, the appellant offers no additional evidence or argument on the timeliness issue.  Consequently, we find that she has failed to prove that the administrative judge erred in dismissing her appeal as untimely filed without good cause.  We therefore deny her petition for review.  We note that, in arguing the merits of her removal, the appellant claimed that her former agency failed to provide her with help and safe harbor after she confessed to drug addiction.  PFR File, Tab 1 at 1-2; IAF, Tab 3 at 1, 3.  Because the appellant appeared to raise a claim of disability discrimination based on her drug addiction, we are providing mixed-case appeal rights consistent with the decision of the U.S. Supreme Court in *Kloeckner v. Solis*, 133 S. Ct. 596, 598 (2012).[3]

---

[3] In *Kloeckner*, the Board dismissed the appellant's mixed-case appeal challenging her removal as untimely filed, and the appellant sought judicial review of the Board's decision.  Ultimately, the U.S. Supreme Court held that the appellant could seek judicial review in the district court and not in the U.S. Court of Appeals for the Federal Circuit, although the Board dismissed her appeal for procedural reasons, because her removal was appealable to the Board and she alleged discrimination prohibited by 5 U.S.C. § 7702(a)(1).  *Kloeckner*, 133 S. Ct. at 604, 607.  In light of *Kloeckner*, the Board provides notice of mixed-case appeal rights in all cases filed by appellants affected by an action appealable to the Board who also raised a claim of prohibited discrimination on appeal, regardless of whether the Board decided the appeal on the merits.  *Cunningham v. Department of the Army*, 119 M.S.P.R. 147, ¶ 14 (2013).

**NOTICE TO THE APPELLANT REGARDING**
**YOUR FURTHER REVIEW RIGHTS**

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter.  5 C.F.R. § 1201.113.  You have the right to request further review of this final decision.

Discrimination Claims:  Administrative Review

You may request review of this final decision on your discrimination claims by the Equal Employment Opportunity Commission (EEOC).  *See* Title 5 of the United States Code, section 7702(b)(1) (5 U.S.C. § 7702(b)(1)).  If you submit your request by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit your request via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, NE
Suite 5SW12G
Washington, D.C. 20507

You should send your request to EEOC no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with EEOC no later than 30 calendar days after receipt by your representative.  If you choose to file, be very careful to file on time.

Discrimination and Other Claims:  Judicial Action

If you do not request EEOC to review this final decision on your discrimination claims, you may file a civil action against the agency on both your discrimination claims and your other claims in an appropriate United States district court.  *See* 5 U.S.C. § 7703(b)(2).  You must file your civil action with

the district court no later than 30 calendar days after your receipt of this order. If you have a representative in this case, and your representative receives this order before you do, then you must file with the district court no later than 30 calendar days after receipt by your representative. If you choose to file, be very careful to file on time. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e5(f) and 29 U.S.C. § 794a.


FOR THE BOARD:        _____
                                        William D. Spencer
                                        Clerk of the Board

Washington, D.C.