BE A, Circuit Judge, joined by O’SCANNLAIN, Circuit Judge, concurring in the judgment:
I concur in the majority’s conclusion that 11 U.S.C. § 362(k) has an unambiguous meaning which permits Schwartz-Tal-lard to recover the attorney’s fees she incurred in defending against ASC’s appeal. Maj. Op. at 1097-99. In my view, however, this should be the beginning and end of our analysis. I am troubled that the majority proceeds to speculate about “Congress’ plan” in enacting the automatic-stay provision of the Bankruptcy Code in reliance on King v. Burwell, — U.S. —, 135 S.Ct. 2480, 192 L.Ed.2d 483 (2015). Maj. Op. at 1100-01. Given the majority’s acknowledgment that § 362(k) is unambiguous, this discussion strikes me as unnecessary. We should always bear in mind the “cardinal principle of judicial restraint”: “if it is not necessary to decide more, it is necessary not to decide more.” PDK Labs., Inc. v. DEA, 362 F.3d 786, 799 (D.C.Cir.2004) (Roberts, J., concurring in part and concurring in the judgment).
“If a court, employing traditional tools of statutory construction, ascertains that Congress had an intention on the precise question at issue, that intention is the law and must be given effect.” Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc., 467 U.S. 837, 843 n. 9, 104 S.Ct. 2778, 81 L.Ed.2d 694 (1984). If the language of the statute is unambiguous, that is the end of the inquiry. See City of Arlington v. FCC, — U.S. —, 133 S.Ct. 1863, 1868, — L.Ed.2d —(2013) (“ ‘If the intent of Congress is clear, that is the end of the matter; for the court ... must give effect to the unambiguously expressed intent of *1102 Congress.’ ” (quoting Chevron, 467 U.S. at 842-43, 104 S.Ct. 2778)).
Engaging in gratuitous speculation of what “Congress’ plan” must have been when it enacted § 362(k) ignores years of Supreme Court and Ninth Circuit precedent requiring judicial inquiry to cease when a court finds a statute unambiguous.
“If the statutory language is unambiguous, in the absence of a clearly expressed legislative intent to the contrary, that language must ordinarily be regarded as conclusive.” Reves v. Ernst & Young, 507 U.S. 170, 177, 113 S.Ct. 1163, 122 L.Ed.2d 525 (1993) (internal quotation marks omitted). “[E]ven the most formidable argument concerning the statute’s purposes could not overcome the clarity [of] the statute’s text.” Kloeckner v. Solis, — U.S. —, 133 S.Ct. 596, 607 n. 4, 184 L.Ed.2d 433 (2012). “The purposes of a law must be ‘collected chiefly from its words,’ not ‘from extrinsic circumstances.’ ” King v. Burwell, — U.S. —, 135 S.Ct. 2480, 2503, 192 L.Ed.2d 483 (2015) (Scalia, J., dissenting) (quoting Sturges v. Crowninshield, 17 U.S. (4 Wheat.) 122, 202, 4 L.Ed. 529 (1819) (Marshall, C.J.)); see also Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 568, 125 S.Ct. 2611, 162 L.Ed.2d 502 (2005) '(“As we have repeatedly held, the authoritative statement is the statutory text, not the legislative history or any other extrinsic material.”).
Here, the majority finds the language of § 362(k) to be unambiguous. Although that should be the end of the inquiry, the majority then looks to the legislative history, which it finds silent as to Congress’ purpose in enacting that provision. With the traditional tools of statutory construction now far behind it, the majority proceeds to engage in pure speculation as to Congress’ motivations in enacting § 362(k) of the Bankruptcy Code. Because I believe that our constitutional role is confined to giving effect only to the words that Congress wrote when the statutory text is unambiguous, I respectfully decline to join the majority’s unnecessary discussion of “Congress’s plan.”