NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUN 6 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MILO D. BURROUGHS,<br><br>      Plaintiff - Appellant,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF THE ARMY,<br><br>      Defendant - Appellee. | No. 14-35057<br><br>D.C. No. 3:13-cv-05712-RJB<br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted May 24, 2016**

Before: REINHARDT, W. FLETCHER, and OWENS, Circuit Judges.

Milo D. Burroughs appeals pro se from the district court's judgment dismissing for lack of subject matter jurisdiction his employment discrimination action. We have jurisdiction under 28 U.S.C. § 1291. We review de novo.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Pakootas v. Teck Cominco Metals, Ltd.*, 646 F.3d 1214, 1218 (9th Cir. 2011). We affirm.

The district court properly determined that it lacked subject matter jurisdiction over Burroughs's Uniformed Services Employment and Reemployment Rights Act ("USERRA") claims because USERRA claims against federal executive agencies must be presented to Merit Systems Protection Board ("MSPB"), with a right to appeal to the Federal Circuit. *See* 38 U.S.C. § 4324; *see also* 5 U.S.C. § 7703(b) (with limited exception, MSPB decisions are appealable only to the Federal Circuit). Contrary to Burroughs's contention, the district court did not have jurisdiction on the basis that Burroughs brought a mixed case, *Kloeckner v. Solis*, 133 S. Ct. 596, 601 & n. 1 (2012) (defining "mixed case"), or a whistleblower retaliation claim, 5 U.S.C. § 1221(a), (h) (Whistleblower Protection Act claims must be appealed to the MSPB, with right to seek judicial review from circuit courts of appeals).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

Burroughs's motion to depose, filed on September 15, 2014, and request for

judicial notice, filed on December 8, 2014, are denied as unnecessary.

**AFFIRMED.**