RICHARDSON, Circuit Judge, dissenting:
 

 Congress authorized district courts to award attorney's fees to prevailing civil rights plaintiffs under
 
 42 U.S.C. § 1988
 
 . But in doing so, Congress did not mandate fee awards in every case. Rather, Section 1988(b) provides that "the court,
 
 in its discretion
 
 ,
 
 may
 
 allow the prevailing party ... a reasonable attorney's fee as part of the costs." (emphasis added). This unambiguous delegation of authority requires us to give the district judge-the person most closely attuned to the facts-at least a modicum of discretion to decide whether to award fees.
 

 Here, the district court scrutinized the conduct of the parties and determined that awarding attorney's fees would be unjust. My good colleagues disagree. But because the judge thoughtfully exercised the discretion granted to her, I respectfully dissent.
 

 One could be excused for thinking that the statutory language-"the court, in its discretion, may"-bestows broad discretion on the district court to decide whether to award attorney's fees. Such a conclusion would be even more understandable after contrasting this text with that of other fee-shifting provisions that limit a judge's discretion.
 
 See, e.g.
 
 ,
 
 22 U.S.C. § 9007
 
 (b)(3) (the court "
 
 shall order
 
 the respondent to pay necessary expenses ...
 
 unless the respondent establishes that such order would be clearly inappropriate
 
 " (emphasis added)). Despite the statute's text, courts have narrowly construed district courts' discretion under Section 1988(b) to further a "policy of facilitating access to judicial process for the redress of civil rights grievances." Majority Op. at ----. But neither the Supreme Court nor this Court has stripped the district courts of all discretion. Indeed, courts have repeatedly acknowledged that some discretion remains to deny fees to prevailing parties based on "special circumstances."
 
 See, e.g.
 
 ,
 
 Hensley v. Eckerhart
 
 ,
 
 461 U.S. 424
 
 , 429,
 
 103 S.Ct. 1933
 
 ,
 
 76 L.Ed.2d 40
 
 (1983) (noting that a plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust" (quoting legislative history)).
 
 [1]
 

 In determining whether "special circumstances" warranted denying attorney's fees, the court below considered the actions of both sides, looking to the relevant behavior of the defendant as well as the plaintiffs. If "special circumstances" are to mean anything, they must include the conduct of the parties involved in the litigation. The district court was best positioned to evaluate that conduct, which it had witnessed firsthand. We should not quickly discard her insightful analysis.
 

 First, the district judge examined the defendant's conduct leading up to and during the litigation. And here the County Board of Elections neither enacted nor took any positions to defend the offending law. What is more, the County Board actively cooperated with plaintiffs to simplify their case by stipulating to various facts. In making those decisions, the County Board reasoned that, as a ministerial entity, "taking a position on the constitutional issues raised would be inconsistent with its duty to administer elections in an impartial and nonpartisan manner."
 

 City of Greensboro v. Guilford Cty. Bd. of Elections
 
 ,
 
 248 F.Supp.3d 692
 
 , 697 (M.D.N.C. 2017).
 

 As the district court acknowledged, a defendant's good faith is not enough, standing alone, to warrant denying fees. But this does not make good faith irrelevant when combined with something "more."
 
 Chastang v. Flynn & Emrich Co.
 
 ,
 
 541 F.2d 1040
 
 , 1045 (4th Cir. 1976). To the contrary, we have held that a defendant's good faith is a "virtual prerequisite" to a denial of fees.
 
 Teague v. Bakker
 
 ,
 
 35 F.3d 978
 
 , 996 (4th Cir. 1994).
 

 More broadly, our precedent makes clear that the defendant's conduct can be relevant to deciding whether to award fees.
 
 See
 

 Chastang
 
 ,
 
 541 F.2d at 1045
 
 (holding the denial of fees justified in part by the blamelessness and behavior of the defendant);
 
 see also
 

 Consumers Union of U.S., Inc. v. Virginia State Bar
 
 ,
 
 688 F.2d 218
 
 , 222 (4th Cir. 1982) (holding the fee award justified in part because the defendant helped enact the unconstitutional rule and sought to repeal it only after the plaintiffs sued). A district court may thus consider that a defendant, with no choice but to carry out the challenged action, affirmatively chose not to defend the law and instead assisted the plaintiffs.
 
 [2]
 

 Along with considering the defendant's actions, the district court also considered the plaintiffs' litigation conduct. The plaintiffs initially sued only the County Board. Then they actively resisted intervenors' attempts to join
 
 any
 
 party with policymaking responsibility for the Act (
 
 e.g.
 
 , a member of the State Board of Elections). Now, the plaintiffs' attorneys seek to excuse those choices based on flimsy reasoning.
 
 [3]
 
 Nothing precluded them from suing responsible state actors. Yet they focused on a defendant who would not defend the suit.
 

 That strategic focus on this defendant made their case easier to win. But it also meant that the County Board-a local government entity with no meaningful responsibility for the practices at issue, and whose budget is far smaller than the
 state's-would be left holding the bag when it came time to pay attorney's fees. Since district judges are in the best position to identify stratagem, we should respect this district judge's determination that this conduct contributed to the special circumstances warranting the denial of fees.
 

 In exercising its discretion not to award attorney's fees, the district court recognized the competing concerns and considered the actions of both the County Board and the plaintiffs. Having done so, the court decided that under "the peculiar circumstances of this case, it would be unjust to require the County Board to pay the individual plaintiffs' attorney's fees."
 
 City of Greensboro v. Guilford Cty. Bd. of Elections
 
 , No. 1:15-CV-559,
 
 2018 WL 276688
 
 , at *1 (M.D.N.C. Jan. 3, 2018). This was a reasonable exercise of its discretion. To conclude otherwise reads that discretion out of Section 1988, allowing the statute's purpose to swallow its text.
 
 Cf.
 

 Kloeckner v. Solis
 
 ,
 
 568 U.S. 41
 
 , 55 n.4,
 
 133 S.Ct. 596
 
 ,
 
 184 L.Ed.2d 433
 
 (2012) ("[E]ven the most formidable argument concerning the statute's purposes could not overcome the clarity we find in the statute's text.").
 

 When a statute grants a district court discretion to make hard decisions, it is inevitable that we will face cases in which we disagree with the outcome but still must affirm. This district court, acting in line with the text of this statute as well as precedent, concluded that awarding fees would work a greater injustice than not awarding fees under these special circumstances. Though I may not have reached the same conclusion, I must still respect the district judge's finding. For that reason, I respectfully dissent.
 

 Plaintiffs stress that as a factual matter judges rarely deny attorney's fees in these cases. But rarity does nothing to show whether
 
 this judge
 
 abused her discretion in finding
 
 these special circumstances
 
 supported denying fees.
 

 The Majority attempts to distinguish
 
 Chastang
 
 based on the timing of the defendant company's amendment of the retirement plan at issue. Majority Op. at ----. But our holding there did not turn on that one fact. While
 
 Chastang
 
 certainly acknowledged the relevance of the timing of the plan's amendment to comply with the law going forward, the amendment did nothing to eliminate the need for the lawsuit to recover past damages. Along with the defendant's good faith and prompt amendment to the unconstitutional plan, we found something "more" that justified denying fees. We noted that the defendant company (1) did not violate the law when it first established the retirement plan, (2) had no "unrestricted right" to amend the plan, (3) acted "with reasonable dispatch as soon as a murky area of the law was clarified," (4) "unintentional[ly]" violated the law, (5) "had no pecuniary interest in the fund," meaning it "had no economic incentive" to violate the law, and (6) "more importantly, it had no right unilaterally to alter the schedule of benefits for participants in the plan."
 
 Chastang
 
 ,
 
 541 F.2d at 1045
 
 . Similarly, we noted that (7) the committee administering the plan should not pay fees because "it did not originate the discrimination which subsequently became illegal," but merely "participated in a passive act of discrimination."
 

 Id.
 

 Finally, we noted that (8) awarding fees would only "penalize innocent participants in the plan."
 

 Id.
 

 The attorneys for the plaintiffs claim that they "potentially risked sanctions by willfully disregarding this Court's very recent ruling [in
 
 Wright v. North Carolina
 
 ] that naming only the County Board (and not a state defendant) was the appropriate course." Appellants' Brief at 29. This overstates our holding. Nowhere in our opinion did we state that plaintiffs can
 
 only
 
 sue an elections board. Instead, we merely found that plaintiffs
 
 must
 
 sue the county board of elections and that suing individual legislators "would be futile" since such individuals lack enforcement authority.
 
 Wright v. North Carolina
 
 ,
 
 787 F.3d 256
 
 , 263 (4th Cir. 2015). We offered no decision on the efficacy of suing other state officials who possess some authority.