RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 20a0329p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

ANGELA D. FUERST,

       *Plaintiff-Appellant*,

 *v.*

             No. 19-4139

SECRETARY OF THE AIR FORCE,

       *Defendant-Appellee*.

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 3:18-cv-00316—Thomas M. Rose, District Judge.

Decided and Filed:  October 14, 2020

Before:  BOGGS, STRANCH, and THAPAR, Circuit Judges.

_____

## COUNSEL

**ON BRIEF:**  David M. Duwel, DUWEL LAW, Dayton, Ohio, for Appellant.  Kevin Koller, UNITED STATES ATTORNEY'S OFFICE, Cincinnati, Ohio, for Appellee.

_____

## OPINION

_____

THAPAR, Circuit Judge.  The Merit Systems Protection Board is a federal agency that adjudicates disputes between other federal agencies and their employees.  Usually, employees must appeal the Board's decisions to the Federal Circuit.  But Angela Fuerst chose to appeal a Board order to a federal district court.  That court found that it lacked jurisdiction.  We agree and affirm.

I.

Three years after she started working for the Air Force, Angela Fuerst had a bad fall at a military base. Although the fall left her disabled, she returned to work part-time. She and the Air Force discussed potential accommodations that would allow her to work a full eight-hour day. But after several years, they still had not reached a resolution, and Fuerst still could not work a full day. The Air Force removed Fuerst from service after determining that her ability to work only part-time was affecting the office's mission.

The Department of Labor subsequently determined that Fuerst was no longer disabled. Fuerst then applied to participate in a fast-track reemployment program for civil-service employees who were removed from service because of a disability but have since recovered. 5 U.S.C. § 8151(b); 5 C.F.R. § 353.301(b). She asked the Air Force to place her on the appropriate priority reemployment list, but it did not act on her request. *Fuerst v. Dep't of Air Force*, Nos. CH-0752-15-0187-I-1, CH-0353-15-0193-I-1, 2017 WL 747767 (M.S.P.B. Feb. 22, 2017).

Fuerst appealed to the Merit Systems Protection Board. She argued (1) that the Air Force was wrong to remove her from service and that her removal was motivated by disability discrimination, and (2) that she had a right to be placed on the priority reemployment list. *Id.* The Board disagreed that her removal was improper or motivated by discrimination, but determined that Fuerst should have been put on the reemployment list. *Id.* The Board ordered the Air Force to place Fuerst on that list retroactively and to hire her for any job she would have been given had she been on the list in the first place. *Id.* The Air Force searched for qualifying positions and eventually offered Fuerst two jobs at her pay grade. *Fuerst v. Dep't of the Air Force*, No. CH-0353-15-0193-C-1, 2018 WL 3496994 (M.S.P.B. July 18, 2018). Fuerst did not accept the Air Force's offers. *Id.*

Fuerst believed that the Air Force had negotiated in bad faith and thus had not complied with the Board's mandate. So she returned to the Board and petitioned it to enforce its order. *Id.* The Board ruled that the Air Force had indeed complied by offering her two suitable jobs. *Id.* It denied Fuerst's petition. *Id.*

Fuerst then appealed the Board's denial of her petition to a federal district court.  The Air Force moved to dismiss this claim for lack of subject matter jurisdiction, arguing that the Federal Circuit has exclusive jurisdiction over the appeal.  The district court agreed and dismissed the claim.  Fuerst appealed.

## II.

In the Civil Service Reform Act, Congress set out a path for federal employees like Fuerst to challenge serious personnel actions (such as removal from service).  The first stop is an appeal to the Merit Systems Protection Board.[*]  5 U.S.C. § 7513(d).  Then, if the employee is unsatisfied with the Board's decision, she can seek judicial review once the Board's order becomes final.  *Id.* § 7703(a)(1).  In general, judicial review of the Board's decisions is the job of the Federal Circuit—and only the Federal Circuit.  *Id.* § 7703(b)(1)(A).  But the path takes a different turn when the employee thinks that discrimination motivated the adverse personnel action.  Rather than going to the Federal Circuit for judicial review, she follows the procedures described in the relevant anti-discrimination law—which is to say, she files a case in federal district court.  *See id.* § 7703(b)(2); *Kloeckner v. Solis*, 568 U.S. 41, 46 (2012).  The discrimination cases that qualify for this different jurisdictional path are called "mixed cases." *Kloeckner*, 568 U.S. at 44; *see also* 5 U.S.C. § 7702(a)(1); 29 C.F.R. § 1614.302(a)(2) (defining "[m]ixed case appeals").

To bring a mixed case, an employee must complain that she has been "affected by an action which [she] may appeal to the Merit Systems Protection Board" and  "allege[] that a basis for the action was [unlawful] discrimination."  5 U.S.C. § 7702(a)(1); *see id.* § 7703(b)(2).  Thus, a mixed case has to be based on an action that is (1) appealable to the Board, and (2) motivated in part by discrimination.

This case is about the first of these two requirements—whether there was an *appealable* agency action at the root of Fuerst's complaint.  Not all discriminatory actions are appealable:

---

[*]An employee alleging discrimination can also file a complaint with her agency first and then appeal the agency's decision either to the Merit Systems Protection Board or to the district court.  29 C.F.R. § 1614.302(b), (d)(1)(i).  Fuerst did not take that path (and the existence of that option does not affect the analysis), so we do not discuss it further here.

a law, rule, or regulation must specifically authorize the appeal of any personnel action. 5 U.S.C. § 7701(a); 5 C.F.R. § 1201.3(a). For example, Congress has authorized the Board to hear appeals of serious actions like removals from service or suspensions longer than fourteen days. 5 U.S.C. §§ 7512–13; 5 C.F.R. § 1201.3(a)(1). And the failure to include an eligible employee on the priority reemployment list is also an action appealable to the Board. 5 C.F.R. §§ 353.301, 353.304, 330.214. Appealable actions like these are the basis of any mixed case; Fuerst can't have a mixed case—or get to the district court—without one. *See* 5 U.S.C. § 7702(a)(1).

Fuerst's first case before the Board qualified as a mixed case. She (1) identified two appealable personnel actions—the Air Force's decision to remove her and its failure to put her on the reemployment list. She also (2) alleged that disability discrimination prompted one of those personnel actions (the removal). As a result, that first case checked all the boxes, and Fuerst had a chance to appeal the Board's decision to a district court. At first, she did just that. *Fuerst v. Dep't of the Air Force*, No. 3:17-CV-184, 2018 WL 1587454, at *1 (S.D. Ohio Apr. 2, 2018). But she ultimately decided not to pursue the appeal. *Id.*

Instead, Fuerst went back to the Air Force and hoped it would offer her a job. (The Board had, after all, ordered the Air Force to appoint Fuerst to any position she would have received if it had put her on the reemployment list when she first asked.) The Air Force offered her two jobs. But Fuerst did not believe the previous order was being carried out in good faith, so she returned to the Board and complained that the Air Force was not complying with the previous order.

This time, Fuerst didn't have a mixed case. While you could say that an agency action (bad-faith negotiation) was at the root of her complaint, the law does not provide Fuerst a mechanism by which to "appeal" this action to the Board. *See Oja v. Dep't of the Army*, 405 F.3d 1349, 1355 (Fed. Cir. 2005) (stating that a breach by the agency is not an action appealable to the Board). What she could do was petition the Board to enforce its previous order, so that's what she did. 5 U.S.C. § 1204(a)(2).

Why does this matter? Because that distinction affects where she can seek judicial review of the Board's decision. If Fuerst's second case was an *appeal* of an agency action—as

defined by the relevant law—then it could have qualified as a mixed case reviewable by the district court. But since it wasn't an appeal of an agency action—and instead a petition for enforcement—it could not be a mixed case within the district court's jurisdiction.

That's true even though Fuerst petitioned the Board to enforce an order issued in a mixed case. *See Oja*, 405 F.3d at 1355. It may seem counterintuitive at first, but it makes sense. The Board's task in mixed cases is to "decide both the issue of discrimination and the appealable action[s]." 5 U.S.C. § 7702(a)(1). By the time Fuerst petitioned for enforcement, the Board had decided those issues already (indeed, if it had not, there would have been no order for it to enforce). Fuerst had a chance to ask a district court to review those decisions. She didn't. And the question before the Board this time around was different: Did the Air Force comply with the earlier order or not? The Board said yes, and Fuerst can seek judicial review of this decision. But she must do that the ordinary way, by appealing to the Federal Circuit. *Id.* § 7703(b)(1)(A); *see, e.g.*, *Oja* 405 F.3d at 1355.

We affirm.