┌─────────────────────────────────────────┐
**NONPRECEDENTIAL DISPOSITION**
To be cited only in accordance with Fed. R. App. P. 32.1
└─────────────────────────────────────────┘

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 23, 2018[*]
Decided November 1, 2018

**Before**

MICHAEL S. KANNE, *Circuit Judge*

DAVID F. HAMILTON, *Circuit Judge*

AMY C. BARRETT, *Circuit Judge*

No. 18-1790

| | |
|---|---|
| ROBERT E. YOUNG,<br>    *Plaintiff-Appellant*,<br><br>    *v.*<br><br>MEGAN J. BRENNAN,<br>Postmaster General,<br>United States Postal Service,<br>    *Defendant-Appellee*. | Appeal from the United States District<br>Court for the Northern District of Illinois,<br>Eastern Division.<br><br>No. 15 CV 10633<br><br>Charles R. Norgle,<br>*Judge*. |

**O R D E R**

Robert Young contends that the United States Postal Service discriminated against him based on his race, sex, and age by demoting him from a supervisor to a "part-time flexible" carrier. The district court granted the Postal Service's motion for summary judgment, determining that a reasonable factfinder could not conclude that Young's race, sex, or age motivated his demotion. We affirm.

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. *See* FED. R. APP. P. 34(a)(2)(C).

Young, who is 53 years old and black, had worked as a supervisor for the Postal Service for about a decade until an incident arose with regard to his timekeeping of one subordinate employee. Management discovered in 2010 that, over the course of several months, Young had been improperly inputting hours on a subordinate employee's time card while that employee was absent from work without leave. As a supervisor, Young was responsible for maintaining accurate timekeeping records and approving them to authorize payment.

Management investigated the issue through three pre-disciplinary interviews with Young. During these meetings, Young admitted that he input entries for the subordinate employee without verifying the employee's attendance. He explained that he wanted to avoid system errors that occur when entries are missing on an employee's time sheet. When asked if he knew the Postal Service's procedure concerning employee time cards, Young acknowledged that he should have entered the employee's time on a Postal Service 1260 form ("PS-1260"). (This form logs the instances when a time-card entry is missing and an employee manually inputs the time into the timekeeping system instead of electronically through the employee's badge upon entry into the facility.)

After the investigation, management sent Young a "Notice of Proposed Adverse Action–Reduction in Grade and Pay," recommending a demotion from supervisor of distributions to part-time carrier with a corresponding reduction in pay. The notice outlined seven instances between December 2009 and April 2010 when Young manually input time-card entries for an employee—entering time for the employee's lunch break and the end of the employee's shift—when in fact the employee was absent without leave. The notice also charged Young with violating provisions of the employee handbook, notably those pertaining to a supervisor's responsibility to oversee employees' access to time cards and to ensure that employees clock in and out according to their assigned schedule.

After a failed attempt at mediation, management issued Young a "Letter of Decision," approving the demotion. Management pointed to multiple incidents in which Young approved payment for an employee who was absent without leave.

Young then filed a complaint with the Equal Employment Opportunity Commission, alleging discrimination based on age (because despite being over forty, he was "the youngest male supervisor") and sex (because the supervisors were more tolerant of female employees and gave them more "leeway"). But the EEOC closed his

complaint after an investigation determined that the evidence did not establish that Young had experienced the alleged discrimination.

Young later launched a "mixed case" appeal to the Merit Systems Protection Board, maintaining that he was demoted based on age and sex discrimination; he also asserted, for the first time, that race discrimination motivated his demotion. (A "mixed case" appeal occurs when a federal employee complains of a personnel action that is serious enough to appeal to the Merit Board and also alleges that the action was based on discrimination. *See* 29 C.F.R. § 1614.302(a)(2); *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012)). The Merit Board conducted a hearing on the merits and upheld the Postal Service's decision.

Young then proceeded to federal court. He argued that the Postal Service failed to prove that he violated its policies because he merely "input" entries in the employee's time card but did not "adjust" the entries, as he was charged with doing. And the Merit Board's decision was erroneous, he contended, because it relied on an employee manual that post-dated his demotion. On his discrimination claim, he maintained, relying on *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), that the Postal Service discriminated against him because other similarly situated supervisors also improperly entered time cards for employees but did not suffer an adverse employment action. He also brought new claims asserting wire fraud and violations of the Illinois Rules of Professional Responsibility (he charged the Postal Service's counsel with fraud and ethical misconduct for submitting, before the Merit Board, the incorrect employee manual).

The district court granted the Postal Service's motion for summary judgment. On Young's challenge to the Merit Board's ruling, the court concluded that the Merit Board had substantial evidence for its decision because Young improperly "adjusted" the time cards of a subordinate employee, altering the entries from ones that generated an attendance error to time cards that had no error. This conduct also violated specified provisions of the employee handbook—provisions that required supervisors to ensure accurate employee records—to substantiate any demotion. On his discrimination claim, the court determined that Young failed to present evidence to permit a reasonable factfinder to conclude that Young's protected status motivated his demotion. *See Ortiz v. Werner Enterprises, Inc.*, 834 F.3d 760, 765 (7th Cir. 2016). Nor could he show that a similarly situated employee outside of his protected class was treated more favorably. Finally, the court concluded, without elaboration, that Young lacked standing for his

claims of wire fraud and violations of professional responsibility because the relevant statute and disciplinary rules provide no private right of action.

On appeal, Young first disputes the court's handling of his discrimination claims and insists that he provided sufficient evidence of similarly situated employees under the *McDonnell Douglas* framework. He argues that other similarly situated supervisors also manually input inaccurate entries for employees' time cards, often to correct lunch break inputs, but were not demoted.

As the district court explained, however, Young did not support his discrimination claims with sufficient evidence. First, Young cannot identify a comparator who input inaccurate information on a time sheet to allow an employee to get paid for an unauthorized absence, much less a comparator who did so on repeated occasions. To determine whether two employees have engaged in similar misconduct, the proper inquiry is whether their conduct is of "comparable seriousness." *Coleman v. Donahoe*, 667 F.3d 835, 850 (7th Cir. 2012). But of the supervisors whom Young identifies as similarly situated, only one input an entry to close out a subordinate employee's shift; this entry was to disallow unauthorized overtime, and not, as in Young's case, to authorize payment repeatedly for work the employee did not perform. *See Reed v. Freedom Mortg. Corp.*, 869 F.3d 543, 550 (7th Cir. 2017) (employee with single attendance violation not comparable to plaintiff with many documented violations).

Young next argues that the district court erred in determining that there was insufficient evidence to challenge the Merit Board's decision sustaining his demotion. He disputes the Postal Service's contention that he was required to submit to management a PS-1260 form whenever he manually input time-card entries. Further, he argues that the Merit Board's ruling is flawed because it relied on a new employee manual requiring supervisors to complete the PS-1260 form; this manual, he says, did not exist until years after he was demoted.

We review the Merit Board's decision to sustain Young's demotion for substantial evidence, *see* 5 U.S.C. § 7703; *Abrams v. Soc. Sec. Admin.*, 703 F.3d 538, 542 (Fed. Cir. 2012), and we agree with the district court that this standard has been met. The Board reached its decision after the Postal Service conducted a thorough investigation, carrying out three pre-disciplinary interviews with Young and giving him an opportunity to respond to the charge that his failure to enter accurate timekeeping entries for his employees violated company policies. The Postal Service appropriately justified its decision by explaining that Young's conduct violated specific provisions of

the employee handbook requiring that supervisors ensure that employees "complete their duties and clock out promptly" and verify that employees make accurate entries on their time cards.

Finally, Young challenges the court's dismissal—on standing grounds—of his claims of wire fraud and violations of professional responsibility. He maintains that he suffered a "distinct and palpable injury" that is "fairly traceable to the challenged conduct": essentially, that the Merit Board upheld his demotion based on the Postal Service's use of the wrong employee manual. Yet as the district court determined, Young lacks standing because neither claim provides a private right of action. *See Scheib v. Grant*, 22 F.3d 149, 156 (7th Cir. 1994) (professional responsibility); *Morganroth & Morganroth v. DeLorean*, 123 F.3d 374, 386 (6th Cir. 1997) (wire fraud). In any event, as we have explained, the Postal Service's decision to demote him rested on his failure to properly monitor an absent employee and was not based on the erroneously submitted manual.

We have considered Young's remaining arguments, and none has merit.

AFFIRMED