# United States Court of Appeals for the Federal Circuit

---

**JULIAN R. ASH,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2021-2194

---

Petition for review of the Merit Systems Protection Board in No. DA-844E-20-0536-I-1.

---

JULIAN R. ASH, Lutherville, MD, pro se.

CHRISTOPHER L. HARLOW, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

---

Before DYK, PROST, and HUGHES, *Circuit Judges*.

PER CURIAM.

## O R D E R

On October 7, 2021, we directed the parties to show cause whether this case should be transferred to a United States district court as a mixed case under 5 U.S.C. § 7703(b)(1)(A). In response, the Office of Personnel

Management asserted that Julian R. Ash presented a mixed case and that we should transfer this case to the United States District Court for the District of Maryland. Because this case involves (1) an action that is appealable to the Merit Systems Protection Board and (2) a discrimination allegation, we conclude that it is a mixed case and therefore order the case transferred to the District of Maryland.

I

In September 2020, Julian R. Ash appealed to the Merit Systems Protection Board, challenging a reconsideration decision of the Office of Personnel Management that denied his application for disability retirement benefits. Mr. Ash asserted affirmative defenses, including disparate treatment based on race and prior protected activity. The Board affirmed OPM's reconsideration decision and concluded, among other things, that Mr. Ash failed to prove his affirmative defenses. Mr. Ash appeals, and his submissions before this court indicate that he wishes to continue pursuing his discrimination claim.

II

Under 5 U.S.C. § 7703(b)(1)(A), an appellant generally must appeal a final Board decision to the Federal Circuit. But if the appellant (1) has been affected by an action that the appellant may appeal to the Board and (2) alleges that a basis for the action was discrimination prohibited by enumerated federal statutes, then the appellant is said to have brought a "mixed case" and must seek judicial review in federal district court. *Kloeckner v. Solis*, 568 U.S. 41, 44, 56 (2012) (citing 5 U.S.C. § 7702(a)(1), 29 C.F.R. § 1614.302 (2012)); *Perry v. MSPB*, 137 S. Ct. 1975, 1985 (2017). One of those enumerated federal statutes is 42 U.S.C. § 2000e-16, which prohibits racial discrimination with respect to "personnel actions."

Some adverse personnel actions may not be appealed to the Board and therefore do not create mixed cases. An affected employee has a right to appeal an agency's decision to the Board "[i]f (but only if) the action is particularly serious—involving, for example, a removal from employment or a reduction in grade or pay." *Kloeckner*, 568 U.S. at 44. And some cases "by definition are never 'mixed cases.'" *Young v. MSPB*, 961 F.3d 1323, 1328 (Fed. Cir. 2020). For example, Individual Right of Action appeals cannot be mixed cases because "[d]iscrimination claims may not be raised in that context." *Id.* at 1327 (citing 5 C.F.R. § 1209.2(c)).

Usually, the serious adverse personnel action in a mixed case is employee termination. *See, e.g.*, *Lang v. MSPB*, 219 F.3d 1345, 1347 (Fed. Cir. 2000) ("Lang believed his termination was a discriminatory action . . . . Thus, Lang pled a mixed case complaint . . . ."). Here, Mr. Ash challenges a different adverse action: a disability retirement decision. We have not directly spoken on this issue,[1] so we take this opportunity to clarify that an appeal arising from a benefits decision can be a "personnel action" giving rise to a mixed case over which we do not have jurisdiction.

---

[1]    In *Hirschfield v. OPM*, 725 F. App'x 934 (Fed. Cir. 2018), a benefits case, we recognized that "[w]hen an employee complains of a personnel action appealable to the board and asserts that the action was prompted, in whole or part, by sex discrimination . . . he or she must appeal an adverse board decision to a federal district court rather than this court." *Id.* at 936. But we ultimately concluded that we had jurisdiction because "Hirschfield's pro se filings are most reasonably read not to assert a claim of unlawful sex discrimination, but instead to assert that . . . the statute . . . is unconstitutional." *Id.*

Removal is not the only adverse action that can create a mixed case. *See Kloeckner*, 568 U.S. at 44 n.1 (listing other actions that an employee can appeal to the Board). Per 5 U.S.C. § 7702(a)(1)(A), a challenge to an adverse agency personnel action can be a mixed case as long as the adverse action can be appealed to the Board. An OPM decision that adversely affects retirement "rights or benefits," like the decision that Mr. Ash appeals in this case, is a "personnel action." 5 U.S.C. § 8461(e)(1); *Miller v. OPM*, 449 F.3d 1374, 1377–78 (Fed. Cir. 2006).

Here, Mr. Ash (1) raises an adverse personnel action that is appealable to the Merit Systems Protection Board and (2) alleges discrimination. So, we conclude that this appeal is a mixed case over which we do not have jurisdiction. We therefore order this case transferred to the District of Maryland.

IT IS ORDERED THAT:

This case is transferred to the United States District Court for the District of Maryland.

FOR THE COURT

February 9, 2022                          /s/ Peter R. Marksteiner
      Date                                   Peter R. Marksteiner
                                       Clerk of Court