NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3214

JIMMY M. ROBERTS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

Jimmy M. Roberts, of Ogden, Utah, pro se.

David F. D'Alessandris, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent.  With him on the brief were Peter D. Keisler, Acting Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director.

Appealed from:  United States Merit Systems Protection Board

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-3214

JIMMY M. ROBERTS,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: October 9, 2007

_____

Before SCHALL, <u>Circuit Judge</u>, CLEVENGER, <u>Senior Circuit Judge</u>, and MOORE, <u>Circuit Judge</u>.

PER CURIAM.

## DECISION

Jimmy M. Roberts petitions for review of the final decision of the Merit Systems Protection Board ("Board") that affirmed the decision of the Office of Personnel Management ("OPM") finding him unsuitable for federal employment and instructing his employing agency, the Internal Revenue Service ("IRS"), to remove him from his

position with the IRS. <u>Roberts v. Office of Pers. Mgmt.</u>, DE-0731-06-0407-I-1 (M.S.P.B. Feb. 27, 2007) ("<u>Final Decision</u>"). We <u>affirm</u>.

DISCUSSION

I.

At the time of his removal, in 2006, Mr. Roberts was employed by the IRS as a Clerk. He previously had been employed as a civilian Supply Technician with the Department of the Air Force at Hill Air Force Base in Utah. However, he was removed from that position on September 29, 1999, based on charges of failure to follow instructions regarding the unauthorized use of government equipment and making false or misleading statements to cover up his unauthorized use of government equipment. On appeal to the Board, his removal was sustained. <u>See</u> <u>Roberts v. Dep't of the Air Force</u>, DE-0752-00-0006-I-1 (Initial Decision, Feb. 24, 2000), <u>review</u> <u>denied</u>, 88 M.S.P.R. 306 (Table, Mar. 15, 2001).

In March of 2002, Mr. Roberts began his employment with the IRS. On November 30, 2001, as part of the hiring process leading up to that employment, he completed an Optional Form 306 ("OF 306"). The form asked him, at question 12, whether during the five-year period prior to completion of the form he had been fired from any job for any reason, whether he had quit any job after being told he would be fired, whether he had left any job by mutual agreement because of specific problems, or whether he had been debarred from federal employment. Signing the form as an applicant, Mr. Roberts answered this question "no." On March 5, 2002, Mr. Roberts re-executed the OF 306, this time as an appointee rather than an applicant. In doing so, he left "no" as the answer to question 12.

Subsequently, based upon information received from the IRS, OPM conducted a further investigation of Mr. Roberts. This investigation revealed that Mr. Roberts had been removed from his position with the Air Force. Thereafter, on February 27, 2006, OPM proposed, inter alia, (i) instructing the IRS to remove Mr. Roberts from his position and (ii) debarring him from competing in examinations or accepting competitive appointments in the federal service for a period of up to three years. OPM based its proposal on the charge of "material, intentional false statement or deception or fraud in examination or appointment." The charge arose from Mr. Roberts' negative answer to question 12 on the OF 306 forms that he completed on November 30, 2001, and March 5, 2002.

On June 16, 2006, after considering Mr. Roberts' response to the proposed action, OPM instructed the IRS to remove Mr. Roberts from his position. At the same time, it cancelled his eligibilities for federal employment or reinstatement and debarred him from any federal employment until June 16, 2009.

Mr. Roberts appealed to the Board. On November 1, 2006, based upon the written submissions of the parties, the administrative judge ("AJ") to whom the appeal was assigned issued an initial decision in which he sustained OPM's action. Roberts v. Office of Pers. Mgmt., DE-0731-06-0407-I-1 (M.S.P.B. Nov. 1, 2006) ("Initial Decision").

The Initial Decision became the final decision of the Board on February 27, 2007, after the Board denied Mr. Roberts' petition for review for failure to meet the criteria for review set forth at 5 C.F.R. § 1201.115(d). Final Decision. This appeal followed. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

II.

Our scope of review in an appeal from a decision of the Board is limited. Specifically, we must affirm the Board's decision unless we find it to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; "obtained without procedures required by law, rule, or regulation having been followed"; or "unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000); Kewley v. Dep't of Health & Human Servs., 153 F.3d 1357, 1361 (Fed.Cir. 1998).

We see no error in the decision of the Board. First, the Board applied the correct law. When determining whether an individual is suitable for employment, OPM may take into account a "[m]aterial, intentional false statement or deception or fraud in examination or appointment." 5 C.F.R. § 731.202(b)(3) (2007). At the same time, to the extent that OPM deems them pertinent to a given case, it is required to consider the factors set forth at 5 C.F.R. § 731.202(c). One of these factors is "[t]he nature and seriousness of the conduct." Id. at 731.292(c)(2). The Board found (i) that when Mr. Roberts applied for his position with the IRS and was appointed to the position, he knew or should have known that he had been fired from his Air Force job and (ii) that his false statements on the OAF 306s that he had not been fired were material. Initial Decision at 6-7.

As far as the sufficiency of the evidence is concerned, Mr. Roberts argues that the Board failed to consider his "thoughts and intent" and that OPM should have been required to produce a "professional opinion" of his thoughts and intent. We see no merit in this argument. Contrary to Mr. Roberts' assertion, the Board did address the intent issue. Id. In addition, it was not necessary for OPM to come forward with opinion

evidence concerning Mr. Roberts' intent. The facts of the case, as outlined above and as set forth in the Initial Decision, speak for themselves. Based upon those facts, the Board did not err in finding it "inherently improbable" that Mr. Roberts went through the prior Board appeal and administrative proceedings in Utah that focused on the reasons why he had been discharged by the Air Force without knowing that he had been fired by the Air Force. Id.

Neither are we persuaded by Mr. Roberts' claims of procedural error. In making these claims, Mr. Roberts appears to focus on two matters: the Board's discovery rulings and its granting of OPM's request for an extension of time for the filing of its brief. We review the Board's rulings to determine whether they represent an abuse of discretion. Curtin v. Office of Pers. Mgmt., 846 F.2d 1373, 1378 (Fed. Cir. 1988). We see no abuse of discretion in this case. The discovery requests by Mr. Roberts that the Board denied were not relevant to the issue before the Board: whether OPM had established that Mr. Roberts intentionally provided material false information in connection with his application for IRS employment and his subsequent hiring by the IRS. The short answer to Mr. Roberts' complaint about the extension of time granted to OPM for the filing of its brief is that it is not unusual for such extensions to be granted and that Mr. Roberts has not even attempted to show how he was prejudiced by the extension.

We have considered Mr. Roberts' additional arguments and have found them to be without merit.

For the foregoing reasons, the final decision of the Board is affirmed.

No costs.