NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

―――――――――――

**CARISSIMA M. PETTUS,**
*Petitioner*

**v.**

**DEPARTMENT OF THE NAVY,**
*Respondent*

―――――――――――

2022-1880

―――――――――――

Petition for review of the Merit Systems Protection Board in Nos. DC-0353-13-0409-B-1, DC-0752-16-0763-I-1.

―――――――――――

Decided:  July 13, 2023

―――――――――――

CARISSIMA M. PETTUS, Williamsburg, VA, pro se.

KRISTIN ELAINE OLSON, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.  Also represented by BRIAN M. BOYNTON, PATRICIA M. MCCARTHY, FRANKLIN E. WHITE, JR.

―――――――――――

Before STOLL, LINN, and STARK, *Circuit Judges.*

PER CURIAM.

Carissima M. Pettus appeals the final decision of the Merit Systems Protection Board that affirmed two initial decisions, one granting Ms. Pettus backpay in a restoration appeal and the other dismissing her constructive suspension appeal. *Pettus v. Dep't of the Navy*, Nos. DC-0353-13-0409-B-1, DC-0752-16-0763-I-1, 2022 WL 1046962, at *1 (M.S.P.B. Apr. 4, 2022) (*Board Decision*). For the reasons below, we affirm.

## BACKGROUND

On November 30, 2011, Ms. Pettus suffered an injury while working as a police officer at the Naval Weapons Station Yorktown. She underwent reconstructive shoulder surgery and returned to work in a limited duty position but then suffered a recurrence of her injury. On November 26, 2012, Ms. Pettus's surgeon informed her that she reached maximum medical improvement, i.e., that her shoulder injury would not improve further. Her now permanent restrictions disqualified her from being a police officer.

Shortly after, on November 29, 2012, Ms. Pettus asked the Department of the Navy (the agency) to restore her to duty, specifically requesting a Program Support Assistant position. The agency denied her request. Ms. Pettus appealed, alleging that the agency (1) failed to restore her to duty in violation of 5 C.F.R. § 353.301(c) and (2) discriminated against her based on her disability. Under 5 C.F.R. § 353.301(c), "[a]n individual who is physically disqualified for the former position or equivalent because of a compensable injury, is entitled to be placed in another position for which qualified that will provide the employee with the same status, and pay, or the nearest approximation thereof, consistent with the circumstances in each case."

On December 23, 2013, with the restoration appeal ongoing, the agency offered Ms. Pettus a Security Assistant position. *Pettus v. Dep't of the Navy*, No. 0353-13-0409-B-1, 2016 MSPB LEXIS 4436, at *9–10 (M.S.P.B. July 29,

2016) (*Restoration Decision*).  She accepted on December 24, 2013, and began working on January 13, 2014.  *Id.*; Pet. Br. 5[1].  The agency later removed Ms. Pettus from the Security Assistant position.  *Restoration Decision*, 2016 MSPB LEXIS 4436, at *3 n.2.[2]

Relevant here, for her restoration appeal, the Administrative Judge (AJ) set forth discovery deadlines and granted several agency requests, including a 30-day continuance and a motion to compel discovery.  *Board Decision*, 2022 WL 1046962, at *4.  Ms. Pettus failed to comply with the AJ's order compelling discovery.  *Restoration Decision*, 2016 MSPB LEXIS 4436, at *6.  Consequently, the AJ sanctioned Ms. Pettus by dismissing her disability discrimination claim.  *Id.*

Ultimately, the AJ found that the agency failed to restore Ms. Pettus as required by 5 C.F.R. § 353.301(c).  *Id.* at *10.  The AJ ordered backpay from November 29, 2012 (when Ms. Pettus requested restoration) to December 23, 2013 (the day before Ms. Pettus accepted the Security Assistant position).  *Id.* at *10–11.

Separately, Ms. Pettus filed a constructive suspension appeal *pro se*, alleging that the agency constructively suspended her for more than fourteen days.  Appx. 78–81.[3] The AJ dismissed her claim, explaining that Ms. Pettus's "rights and remedies regarding the time period for which she claims [constructive suspension] . . . are subsumed in the restoration appeal process."  *Pettus v. Dep't of the Navy*,

---

[1]  "Pet. Br." refers to pages in Ms. Pettus's informal opening brief as numbered by operation of an electronic file viewing system.

[2]  Ms. Pettus appealed this removal, but the administrative judge dismissed it as untimely.  Pet. Br. 9.

[3]  "Appx." refers to the appendix filed concurrently with Respondent's brief.

No. DC-0752-16-0763-I-1,    2016 MSPB    LEXIS    5088, at *12–16 (*Constructive Suspension Decision*).

Ms. Pettus then appealed both her restoration and constructive suspension appeals, again *pro se*. *Board Decision*, 2022 WL 1046962, at *1. The Board combined the appeals, per 5 C.F.R. § 1201.36(b), and affirmed the AJ's initial decisions. *Id.*

First, the Board rejected Ms. Pettus's argument that the AJ should have ordered the agency to retroactively place her in the Program Support Assistant position she previously requested. *Id.* at *3. The Board found that, because the agency removed Ms. Pettus from the Security Assistant position for cause unrelated to the matters on appeal, she was not entitled to retroactive restoration. *Id.*

Second, the Board rejected Ms. Pettus's argument that the AJ's sanction in her restoration appeal—striking her disability discrimination claim—was untimely and prejudicial. *Id.* The Board found that the AJ did not abuse her discretion in imposing a sanction after Ms. Pettus repeatedly failed to comply with the AJ's orders. *Id.*[4]

Third, the Board interpreted Ms. Pettus's argument as implying that the AJ was biased in granting the agency a 30-day continuance in the restoration appeal. *Board Decision*, 2022 WL 1046962, at *4. The Board found that Ms. Pettus failed to show bias, noting that the AJ extended deadlines for both parties due to the agency's scheduling conflict. *Id.*

Lastly, the Board rejected Ms. Pettus's challenges to the dismissal of her constructive suspension appeal. *Id.* The Board explained that a constructive suspension claim is

---

[4]    Ms. Pettus has since chosen to abandon her disability discrimination claim in order for this court to have jurisdiction. *See* ECF No. 18 at 3.

generally subsumed in a restoration claim when both are based on the same absence. *Id.* (citing *Kinglee v. U.S. Postal Serv.*, 114 M.S.P.R. 473, ¶¶ 19–22 (2010)).

Ms. Pettus appeals. We have jurisdiction under 28 U.S.C. § 1295(a)(9) and 5 U.S.C. § 7703.

## DISCUSSION

Our authority to review a final Board decision is statutorily limited. We may only set aside a final Board decision if it is "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence[.]" 5 U.S.C. § 7703(c). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. N.L.R.B.*, 305 U.S. 197, 229 (1938).

Ms. Pettus raises several issues on appeal. First, she contends that her entitlement to return to a "complete status quo" requires retroactive restoration to the Program Support Assistant position she requested on November 29, 2012. Pet. Br. 5–6; *see* Resp. Br. 11. Second, she argues that the AJ abused her discretion in procedural matters. Pet. Br. 7–8. Third, she challenges the removal of her disability discrimination claim as a discovery sanction. Pet. Br. 8–9. Lastly, she challenges the dismissal of her constructive suspension appeal, contending that the Board erred in stating that the dates of her constructive discharge appeal and restoration appeal were the same. Pet. Br. 9. We address each issue in turn.[5]

---

[5]  Ms. Pettus also argues that the Board erroneously stated that her restoration appeal was under 5 C.F.R. § 353.304(c), instead of § 353.301(c). Pet. Br. 9. But the Board properly considered Ms. Pettus's restoration under

First, we address Ms. Pettus's retroactive restoration argument. Restoration requires placement to a position that is the "same . . . or the nearest approximation thereof," in other words, the status quo. § 353.301(c). Ms. Pettus argues that returning her to the status quo requires retroactively restoring her to the Program Support Assistant position she initially requested, explaining that "but for[] the agency's improper restoration . . . she would not have been removed" from the Security Assistant position. Pet Br. 9; *see* Pet. Br. 6. She also argues that the Board incorrectly stated that her removal was not substantially related to her compensable injury. Pet. Br. 6, 19.

As the Board correctly explained, an employee removed for cause, rather than for reasons substantially related to their compensable injury, is not entitled to restoration. *Board Decision*, 2022 WL 1046962, at *3 (citing *Manning v. U.S. Postal Serv.*, 118 M.S.P.R. 313, ¶ 8 (2012)). Here, the Board determined that "[t]he record reflects" that Ms. Pettus was removed "for misconduct unrelated to the matters on appeal," and thus was not entitled to restoration. *Board Decision*, 2022 WL 1046962, at *3. But the

---

§ 353.301(c) and only referenced § 353.304 to clarify a burden of proof standard. *Board Decision*, 2022 WL 1046962, at *3 n.3. Thus, there is no error.

Additionally, Ms. Pettus argues that the Board incorrectly found that she never appealed her removal. Pet. Br. 9. As Ms. Pettus notes, she appealed her removal and it was dismissed as untimely. *Pettus v. Dep't of the Navy*, DC-0752-17-0156-I-1, 2016 WL 7508803 (M.S.P.B. Dec. 29, 2016). However, that removal, or any subsequent appeal for it, is not before us. *See Board Decision*, 2022 WL 1046962, at *1 (listing only *Restoration Decision* and *Constructive Suspension Decision* on appeal to the Board); Appx. 5 (listing only that Board's decision on appeal to this court).

Board only cites to the AJ's decision for support, which states that the "parties informed [the AJ] that [Ms. Pettus] was subsequently removed from the . . . Security Assistant position, effective May 27, 2015, and that she did not file an appeal with the Board from that action." *Restoration Decision*, 2016 MSPB LEXIS 4436, at *3 n.2. That is not evidence supporting a finding that Ms. Pettus's removal was substantially unrelated to her compensable injury, much less substantial evidence. However, the Board's error is harmless.

The harmless error rule serves to "avoid wasteful proceedings on remand where there is no reason to believe a different result would have been obtained had the error not occurred." *In re Watts*, 354 F.3d 1362, 1369 (Fed. Cir. 2004); *see* 28 U.S.C. § 2111. In *Shinseki v. Sanders*, 556 U.S. 396, 411–12 (2009), the Supreme Court laid out several factors that may inform a reviewing court's harmless error analysis, including "the likelihood that the result would have been different." Normally, the party attacking an agency's determination bears the burden of showing that an error is harmful. *Id.* at 409. Thus, Ms. Pettus has the burden of showing that correcting the Board's error would likely yield a different result.

Ms. Pettus does not meet her burden to show that the Board's error was harmful. She argues that her removal was related to her injury because, but for "improper restoration" to the Security Assistant position, "she would not have been removed." Pet. Br. 9. This argument does not tie her compensable injury to the reason for her removal. In other words, Ms. Pettus presents no evidence that her removal from the Security Assistant position was related to her injury. We therefore find the Board's error harmless and do not disturb this portion of its decision.

We now turn to Ms. Pettus's argument that the AJ abused her discretion when she granted the agency an extension of time to respond to certain matters. Pet. Br. 7.

The Board explained that the AJ granted the agency (and Ms. Pettus) a 30-day extension based on a scheduling conflict. *Board Decision*, 2022 WL 1046962, at *4. "Procedural matters relative to discovery . . . fall within the sound discretion of the [B]oard and its officials." *Curtin v. Off. of Pers. Mgmt.*, 846 F.2d 1373, 1378 (Fed. Cir. 1988) (citations omitted). And these kinds of extensions are regularly granted. *See Roberts v. Off. of Pers. Mgmt.*, 250 F. App'x 346, 349 (Fed. Cir. 2007) (nonprecedential) (noting that it is not unusual for an extension of time to be granted). We see no abuse of discretion in this case, and thus affirm.

Next, we turn to Ms. Pettus's challenge to the AJ's sanction dismissing her disability discrimination claim. As the Supreme Court has explained, "[a] federal employee who claims that an agency action appealable to the MSPB violates an antidiscrimination statute listed in [5 U.S.C.] § 7702(a)(1)[6] should seek judicial review in district court, not the Federal Circuit," regardless of whether the MSPB decided her case on procedural grounds or on the merits. *Kloeckner v. Solis*, 568 U.S. 41, 56 (2012). By choosing to abandon her disability discrimination claim for this court to have jurisdiction, Ms. Pettus chose to abandon not only the merits of her disability discrimination claim but the related procedural arguments as well. *See* ECF No. 18; *Kloeckner*, 568 U.S. at 56. Thus, we cannot consider this issue.[7]

Lastly, we address Ms. Pettus's challenge to the Board's dismissal of her constructive suspension appeal.

---

[6]    Ms. Pettus alleged disability discrimination under the Rehabilitation Act of 1973, one of the antidiscrimination statutes listed in § 7702(a)(1). Appx. 28.

[7]    As for Ms. Pettus's argument that she is *pro se* and did not know the law, those arguments also relate to her discrimination claim and are thus not before us. *See* ECF No. 18; *Kloeckner*, 568 U.S. at 56.

Ms. Pettus seems to argue that her restoration and constructive suspension appeals are for *different* dates, presumably to prevent her constructive suspension appeal from being subsumed by her restoration appeal. *See* Pet. Br. 9. But Ms. Pettus does not identify what the alleged correct dates are or how the Board erred in making its determination. *See* Pet. Br. 9, 12. Said otherwise, she has failed to adequately develop her argument and has thus waived it. *See Rodriguez v. Dep't of Veterans Affs.*, 8 F.4th 1290, 1305 (Fed. Cir. 2021) ("An issue that is merely alluded to and not developed as an argument in a party's brief is deemed waived.")

We have considered Ms. Pettus's remaining arguments and find them unpersuasive.[8]

---

[8] For example, Ms. Pettus raises several issues for the first time on appeal, including that she accepted the temporary Security Assistant position under duress, Pet. Br. 19; challenges to the agency's backpay calculations, Pet. Br. 12; and arguments related to a separate EEOC partial recovery appeal, Pet. Br. 9, 12. *See Pettus*, MSPB Docket No. DC-0353013-0409-B-1, Pet. for Review (Sept. 2, 2016) (raising no argument about these issues); *Pettus*, MSPB Docket No. DC-0752-16-0763-I-1, Pet. for Review (Oct. 4, 2016) (same). This court has "regularly stated . . . that a position not presented in the tribunal under review will not be considered on appeal in the absence of exceptional circumstances." *Pavo Sols. LLC v. Kingston Tech. Co.*, 35 F.4th 1367, 1380 (Fed. Cir. 2022) (quoting *In re Google Tech. Holdings LLC*, 980 F.3d 858, 863 (Fed. Cir. 2020)). Because Ms. Pettus did not raise these arguments before the Board and does not argue any exceptional circumstances to warrant review, she has forfeited these arguments.

CONCLUSION

For the reasons above, we affirm the Board's final decision granting Ms. Pettus's restoration appeal and dismissing her constructive suspension appeal.

**AFFIRMED**

COSTS

No costs.