NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

---

**WANDA CURTIS-HUNTER,**
*Petitioner*

**v.**

**MERIT SYSTEMS PROTECTION BOARD,**
*Respondent*

---

2023-1426

---

Petition for review of the Merit Systems Protection Board in No. PH-0752-22-0244-I-1.

---

Decided: November 21, 2023

---

WANDA CURTIS-HUNTER, Baltimore, MD, pro se.

KELLY WINSHIP, Office of General Counsel, United States Merit Systems Protection Board, Washington, DC, for respondent. Also represented by ALLISON JANE BOYLE, KATHERINE MICHELLE SMITH.

---

Before MOORE, *Chief Judge*, REYNA and HUGHES, *Circuit Judges*.

PER CURIAM.

Wanda Curtis-Hunter appeals a decision of the Merit Systems Protection Board dismissing her Individual Right of Action (IRA) appeal for lack of jurisdiction. We *affirm*.

## BACKGROUND

Ms. Curtis-Hunter is a health technician with the Department of Veterans Affairs (VA). In 2019, Ms. Curtis-Hunter filed an Equal Employment Opportunity (EEO) complaint against the VA alleging a senior employee, Scott Guthland, discriminated against her by hacking her computer and telephone in response to Ms. Curtis-Hunter reporting to management he accessed her medical file. S. Appx. 20, 24. The VA issued a decision concluding Ms. Curtis-Hunter failed to prove she was subjected to the alleged discrimination. S. Appx. 25. Ms. Curtis-Hunter, through counsel, appealed the decision. The EEO Commission affirmed the VA's decision. S. Appx. 26.

In March 2022, Ms. Curtis-Hunter filed a Prohibited Personnel Practices complaint with the Office of Special Counsel (OSC) alleging retaliation for whistleblowing and protected activity, discrimination for non-job-related conduct, and improper accessing of medical records. S. Appx. 30–31. Specifically, Ms. Curtis-Hunter alleged Mr. Guthland improperly accessed her medical records in 2019, harassed her through actions including hacking her telephone and car, and the VA inappropriately withheld her pay. S. Appx 42–43. The OSC Disclosure Unit sent a closure letter stating they were unable to determine there was a substantial likelihood Ms. Curtis-Hunter's allegations constituted agency wrongdoing that could be referred for investigation. S. Appx. 43. The OSC also sent a closure letter explaining that the OSC is not the proper forum for Ms. Curtis-Hunter's allegations and directing her to the appropriate forums. S. Appx. 45–46.

In June 2022, Ms. Curtis-Hunter filed an IRA appeal with the Board alleging Mr. Guthland hacked her car and stalked her and the VA improperly decreased her pay. S. Appx. 55–56. She also requested a hearing. One month later, the Board sent Ms. Curtis-Hunter an Order to Show Cause to establish the Board's jurisdiction over her case. S. Appx. 58–66. After receiving Ms. Curtis-Hunter's response, the Board dismissed the appeal for lack of jurisdiction without a hearing because she failed to make any non-frivolous allegations she suffered a personnel action as a result of making a protected disclosure. S. Appx. 9. Ms. Curtis-Hunter appeals. We have jurisdiction under 5 U.S.C. § 7703(b)(1)(B) and 28 U.S.C. § 1295(a)(9).

## DISCUSSION

In reviewing a final decision of the Board, we must "hold unlawful and set aside any agency action, findings, or conclusions found to be (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c). Whether the Board lacks jurisdiction is a question of law we review de novo. *Forest v. Merit Sys. Prot. Bd.*, 47 F.3d 409, 410 (Fed. Cir. 1995).

## I

The Board has jurisdiction over an IRA appeal if the appellant has exhausted her administrative remedies before the OSC and makes a non-frivolous allegation that (1) she engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8) or engaged in a protected activity under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D); and (2) the protected disclosure or activity was a contributing factor in the agency's decision to take or fail to take a personnel action. 5 U.S.C. § 1221. An allegation is non-frivolous if the appellant "alleged sufficient factual matter, accepted as true, to state a claim that is plausible

on its face." *Hessami v. Merit Sys. Prot. Bd.*, 979 F.3d 1362, 1369 (Fed. Cir. 2020).

The Board determined that Ms. Curtis-Hunter failed to make a non-frivolous allegation that she made any protected disclosures or engaged in any protected action, and failed to make a non-frivolous allegation that she suffered a personnel action as a result of either. S. Appx. 7, 9. On appeal, Ms. Curtis-Hunter argues the Board failed to consider her submitted evidence of a salary decrease, harassment, retaliation, and stalking in determining whether it had jurisdiction. We do not agree.

Ms. Curtis-Hunter claims her salary was reduced by several thousand dollars starting in 2016. *See* S. Appx. 56, 69. In response to the Board's Order to Show Cause, she submitted evidence of her pay and grade for 2009–2022 (omitting 2011, 2015, 2018, 2020, and 2021).[1] S. Appx. 71–83. Ms. Curtis-Hunter contended her reduction in pay was part of the alleged retaliation for her EEO complaint or her disclosure to the OSC.[2] S. Appx. 54, 56, 69. The Board

---

[1] Ms. Curtis-Hunter submitted similar evidence with her Memorandum in Lieu of Oral Argument, but we may not consider new evidence that was not before the Board. *Cruz v. Dep't of Navy*, 934 F.2d 1240, 1245 n.6 (Fed. Cir. 1991). We also note that in her Memorandum, Ms. Curtis-Hunter appears to now argue not that her pay was decreased in retaliation, but that in 2016 her "within-grade salary increase" was mistakenly omitted. Memorandum at 1. As noted in the OSC closure letter of May 18, 2022, such claims are properly addressed to the Office of Personnel Management. S. Appx. 45–46.

[2] Because Ms. Curtis-Hunter submitted this evidence in response to the Board's Order to Show Cause regarding jurisdiction, we treat it as integral to her claim and therefore considered in determining whether she made non-frivolous allegations to the Board.

correctly determined that the evidence provided by Ms. Curtis-Hunter did not support, but instead refuted her allegation that she experienced reduction in pay or grade. *Id.* The documentation submitted to the Board shows that since 2009 Ms. Curtis-Hunter's pay and grade were consistently *increased*.[3] S. Appx. 8, 71–83.

With regards to Ms. Curtis-Hunter's other allegations of retaliation, the Board concluded that the allegations were insufficient to show she was subjected to any agency personnel action. S. Appx. 9. We agree. Ms. Curtis-Hunter alleged that she was subjected to hacking of her cell phone and car, harassment, and stalking. None of these allegations constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A). In any event, Ms. Curtis-Hunter's allegations are conclusory and unsupported by the evidence. *See* 5 C.F.R. § 1201.4(s)(1). For example, Ms. Curtis-Hunter alleged that her cell phone was hacked by Mr. Guthland. S. Appx. 69. In support of her allegation Ms. Curtis-Hunter provided to the Board a copy of a Complaint Referral Form she submitted to the Internet Crime Complaint Center (S. Appx. 84–85) and a hand-written note she submitted to T-Mobile (S. Appx. 93). This evidence only demonstrates Ms. Curtis-Hunter's subjective belief her cell phone was hacked and does not substantiate her allegation. Ms. Curtis-Hunter failed to provide any non-frivolous allegations of

---

[3] While the Board analyzed Ms. Curtis-Hunter's claim as an IRA appeal, reduction in pay is also a separate claim directly appealable to the Board. *See Kloeckner v. Solis*, 568 U.S. 41, 44 n.1 (2012) (quoting 5 U.S.C. § 7512). Ms. Curtis-Hunter's evidence cannot support Board jurisdiction under this statute for the same reasons.

personnel actions taken, or not taken, by the agency.[4]  Accordingly, we *affirm* the Board's dismissal for lack of jurisdiction.

## II

Ms. Curtis-Hunter also argues the Board erred by failing to provide a hearing.  We have held that a claimant is entitled to a hearing only if she first makes non-frivolous allegations.  *Garcia v. Dep't of Homeland Sec.*, 437 F.3d 1322, 1344 (Fed. Cir. 2006) (en banc); *Hessami*, 979 F.3d at 1371–72.  Because Ms. Curtis-Hunter did not make any non-frivolous allegations, the Board's dismissal without a hearing was appropriate.

## CONCLUSION

We have considered Ms. Curtis-Hunter's remaining arguments and find them unpersuasive.  For the foregoing reasons, we *affirm* the Board's dismissal for lack of jurisdiction.

## **AFFIRMED**

### COSTS

No costs.

---

[4]    The government suggests the Board used the wrong standard in its jurisdictional analysis of protected activity.  Government Informal Response Br. at 13 n.4.  Because we agree with the Board's conclusion that there was not a non-frivolous allegation of an adverse personnel action, we need not determine if any of Ms. Curtis-Hunter's alleged disclosures satisfy 5 U.S.C. § 2302(b)(8) or alleged activities fall within 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).